UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL F. HUBERT, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, A. NEIL PAPPALARDO, LAWRENCE A. PALIMINO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN, AND L.P. DAN VICENTE,<br><br>Defendants. | Civil Action No. 05-10269RWZ<br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANTS ROLAND L. DRISCOLL, EDWARD B. ROBERTS, AND MORTON E. RUDERMAN'S MOTION TO DISMISS

Defendants Roland L. Driscoll, Edward B. Roberts, and Morton E. Ruderman (the "Director Defendants") hereby move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the putative class-action Complaint filed against them by Michael Hubert.[1]

The Complaint purports to assert two causes of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") – a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and a claim of breach of fiduciary duty. The theory underlying both claims is that the Director Defendants, together with the other named defendants, undervalued the Medical Information Technology, Inc. ("Meditech") stock held by the trust (the "Trust") established by defendant Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), with the result

---

[1] The Complaint purports to name as defendants two purported additional directors of Meditech: an individual who is variously identified as Palimino and Polimino, and another individual named Vicente. There are no Meditech directors named Palimino/Polimino or Vicente. There are, however, directors of the company whose names are Lawrence A. Polimeno and L.P. Dan Valente. To the extent the Complaint is ever construed to refer to these directors, they join in this Motion to Dismiss.

that the plaintiff, Hubert, upon the termination of his employment, received a smaller distribution of benefits from the Trust than he was supposedly due. According to Hubert, he has a right under ERISA to benefits in an amount several times greater than what he has already received from the Trust.

As explained in greater detail in the Memorandum in Support, Hubert's effort to obtain a cash windfall from his employment with Meditech is frivolous and should be dismissed.

*First*, the Director Defendants incorporate in this Motion to Dismiss each of the separate, independently sufficient grounds for dismissal presented by defendants A. Neil Pappalardo and the Plan in their separate motion to dismiss and accompanying memorandum in support:

(1) Hubert's "breach of fiduciary duty" claim is really an improperly pled benefits claim;

(2) Even assuming the facts alleged by Hubert concerning valuation to be true, they do not support Hubert's claim to have been denied any benefits due him under the Plan;

(3) Hubert lacks standing under both ERISA and Article III of the Constitution;

(4) Hubert has failed as a matter of law to allege arbitrary and capricious conduct; and

(5) Hubert has failed to exhaust his remedies under the Plan, as required to bring a benefits claim under ERISA.

*Second*, as explained in the Memorandum in Support accompanying this Motion, the Director Defendants have yet another independently-sufficient ground for dismissal of the Complaint as against them. Under the terms of the Plan on which Hubert relies in bringing his Complaint, the Director Defendants have no responsibility, and no fiduciary authority, with respect to any of the conduct of which Hubert complains: they do not allocate contributions to the Trust to the accounts of individual participants, they do not value the Trust, they do not determine distributions of benefits to participants, and they do not hear claims for additional

benefits. Accordingly, the Director Defendants are not, as a matter of law, proper party defendants to this action, and are entitled, for this additional reason, to dismissal of the Complaint as against them.

WHEREFORE, Roland L. Driscoll, Edward B. Roberts, and Morton E. Ruderman respectfully move this Court to dismiss Hubert's Complaint with prejudice in its entirety as against them.

### CERTIFICATE OF LOCAL RULE 7.1(A)(2)

The undersigned certifies that pursuant to Local Rule 7.1(A)(2) he attempted to contact counsel for Plaintiff by telephone in a good faith effort to narrow or resolve the issues presented in this Motion but did not reach counsel for Plaintiff and therefore no agreement was reached.

### REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument would assist the Court in consideration of the issues presented in this Motion and, accordingly, request to be heard on this Motion pursuant to Local Rule 7.1(D).

Respectfully submitted,

ROLAND L. DRISCOLL, EDWARD B. ROBERTS, and MORTON E. RUDERMAN.

By their attorneys,

Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that on April 15, 2005 a true copy of the foregoing document was served by first class mail, postage prepaid upon counsel for each other party.

Kevin P. Martin