UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL P. HUBERT, individually and on behalf of all persons similarly situated,

Plaintiff,

v.

MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, A. NEIL PAPPALARDO, LAWRENCE A. PALIMINO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN, AND L.P. DAN VICENTE,

Defendants.

Civil Action No. 05-10269RWZ

## MEMORANDUM IN SUPPORT OF DEFENDANTS ROLAND L. DRISCOLL, EDWARD B. ROBERTS, AND MORTON E. RUDERMAN'S MOTION TO DISMISS

Defendants Roland L. Driscoll, Edward B. Roberts, and Morton E. Ruderman (the "Director Defendants"), each a member of the Board of Directors of Medical Information Technology, Inc. ("Meditech"), submit this Memorandum in Support of their Motion to Dismiss the putative class-action Complaint filed against them by Michael Hubert under Federal Rule of Civil Procedure 12(b)(6).[1]

The Director Defendants' Motion to Dismiss expressly incorporates each of the grounds for dismissal presented in the separate Motion to Dismiss and Memorandum in Support filed by defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan") and A. Neil Pappalardo (the Director Defendants, together with the Plan and Pappalardo, will hereinafter be

---

[1] The Complaint purports to name as defendants two purported additional directors of Meditech: an individual who is variously identified as Palimino and Polimino, and another individual named Vicente. There are no Meditech directors named Palimino/Polimino or Vicente. There are, however, directors of the company whose names are Lawrence A. Polimeno and L.P. Dan Valente. To the extent the Complaint is ever construed to refer to these directors, they join in this Motion to Dismiss.

referred to collectively as "Defendants"). In addition, the Director Defendants have a separate, independently sufficient reason to dismiss the Complaint as against them. As explained herein, the very plan document on which Plaintiff bases his claims against the Defendants provides that the Director Defendants have no role with respect to the conduct of which he complains: valuation of assets held by the trust established by the Plan (the Medical Information Technology, Inc. Profit Sharing Trust, the "Trust") for purposes of redemption and payment of distributions to plan participants. Those decisions are expressly reserved by the Plan to the discretion of the Plan trustee, defendant Pappalardo (the "Trustee"). Accordingly, under the Employment Retirement Income Security Act ("ERISA") the Director Defendants are not proper party defendants in this action and are entitled, as a matter of law, to dismissal of both Counts of Hubert's Complaint as against them.

## BACKGROUND

### I.     THE MEDITECH PROFIT SHARING PLAN

This case concerns the Plan, a profit-sharing plan established by Meditech for the purpose of "providing retirement and other benefits to the employees of the Company from the profits of the Company's business," and the Trust established by the Plan to receive contributions from the Company and pay benefits to Plan participants. *See* Plan ¶¶ 101, 1.02 (a copy of the Plan, as amended, is appended hereto at Tab A). Upon termination of employment with Meditech, Plan participants are entitled to a benefits payment equal to their vested portion of the Trust's assets. *See id.*, ¶ 6. Hubert, in short, alleges that the Defendants have undervalued the Trust's holdings of non-publicly traded Meditech shares and that, as a result, his distribution of benefits upon termination from Meditech was less than it should have been. *See* Complaint, Introduction (hereinafter "Compl. ¶ __").

2

The current Trustee of the Trust is defendant Pappalardo. *See* Compl. ¶ 3.[2] Under the Plan, it is the Trustee who is solely responsible for valuing Trust assets:

> [T]he trustee shall determine the total net worth of the Trust by evaluating all of its assets and liabilities as of that date exclusive of any amounts segregated into separate accounts for terminated members …. [I]n determining the net worth of the Trust or any portion thereof, the Trustee shall value the Trust assets at their fair market value. … A determination by the Trustee of the fair market value of any of the Trust assets, or of the net worth of the Trust or any component thereof, *shall be conclusive and binding upon all persons.*

Plan ¶ 5.04 (emphasis added). The Plan sets forth no role for the Meditech Board of directors in valuing the Trust, and Hubert alleges no facts concerning their assumption of such a role.

The Trustee is also solely responsible under the Plan for determining the benefits to be distributed to Plan participants upon termination of their employment with Meditech. First, the Plan directs the Trustee to allocate company contributions to individual Plan participants' accounts:

> Upon receiving such schedule and the total contribution made by the Company for the Plan Year, and after the account balances of the Members have been adjusted as provided in Section 5.05 and forfeitures determined under Section 6.04, the Trustee shall credit to the account of each Member listed on such schedule a portion of the Company's contribution and a portion of the total amount of forfeitures ….

Plan ¶ 5.03. Second, when the employment of a Plan participant is terminated, it is the Trustee who is solely responsible for determining the amount of that employee's distribution:

> The determination of the amount to which a terminated Member is entitled shall be made in accordance with the rules set forth in this Article, and the Trustee's determination shall be conclusive and binding on all persons.

---

[2] The facts alleged in the Complaint are accepted as true only for purposes of this motion under Rule 12(b)(6).

3

Plan ¶ 5.04. The Plan contains no role for the Meditech Board with respect either to determining allocations to individual Plan participants' accounts, or determining the distributions to be made to participants, and Hubert alleges no facts concerning their assumption of such roles.

Finally, if a Plan participant should disagree with his distribution of benefits, the Plan sets forth a method for the participant to seek review of the distribution by the Trustee. The Plan states that "[a]ll claims for benefits under this Plan shall be filed in writing with the Trustee in accordance with such regulations as the Trustee shall reasonably establish." Plan ¶ 11.10(1). Where such a claim is filed, the Plan contains procedures for its consideration, including an additional appeal to the Trustee. *Id.*, ¶¶ 11.10(2)-(4). The Plan provides no role for the Board with respect to reviewing the amount distributed to participants, and Hubert alleges no facts concerning their assumption of such a role.

## II.   HUBERT'S COMPLAINT

A comprehensive description of the allegations in Hubert's complaint is found in the Memorandum in Support filed by defendants Pappalardo and the Trust. This Memorandum expressly incorporates that discussion. Certain of Hubert's allegations bear highlighting, however, as particularly relevant to the Director Defendants' motion.

As discussed above, *see supra* Part I, the Plan assigns the Director Defendants no role with respect to valuation of Trust assets. Hubert nonetheless alleges, wholly conclusorily, that "the individual defendants set the price of Meditech stock for purposes of redeeming the interests of a beneficiary/participant at the time of termination of their employment with Meditech, thus, for that purpose, the defendant directors were fiduciaries of the Plan." Compl. ¶ 5; *see also id.* ¶ 16 ("Defendants are fiduciaries in valuing Meditech's common stock for purposes of redemption

and payment of a participant's benefits under the Plan"); *see also, e.g., id.* ¶ 44 ("the Plan Trustee and other defendants undervalued the shares of Meditech in the Plan ....").

Hubert's allegations concerning the role played by the Director Defendants in Plan administration is contradicted not only by the terms of the Plan, but it is also self-contradicting. In particular, while Hubert alleges that the Director Defendants "*assisted* [the Trustee] in not fairly valuing the assets in the Plan," Compl. ¶ 84 (emphasis added), he elsewhere alleges that they provided no assistance in valuing the Trust's assets:

> Upon information and belief, Defendant Pappalardo sets the price and that price is rubberstamped by the other defendants. Despite having a fiduciary duty to the participants in the Plan, the other individual defendants conduct no separate inquiry as to fair value, and simply acquiesce in the price set by defendant Pappalardo.

Compl. ¶ 31.

Finally, further ignoring the terms of the Plan and lazily lumping all defendants together, Hubert also appears to credit the Director Defendants with a role in determining benefits. *See* Comp. ¶ 18 ("the defendants have not paid retiring or terminating participants the fair value of their interest in the Plan. Instead, the defendants have undervalued participants' interest in the Plan and have not paid participants the fair value of Meditech stock").

Based on his allegations concerning the Director Defendants' involvement in determining the value of the Trust and paying benefits to individual participants, Hubert attempts to include them as defendants with respect to both Count One (a benefits claim) and Count Two (a breach of fiduciary duty claim) of his Complaint, and even seeks, under Count One, to have the Director Defendants pay him the benefits he claims to be owed. *See* Compl., ¶ 81.

## ARGUMENT

In considering a motion to dismiss, a court must treat all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiffs. That said, even when ruling on a motion to dismiss "the Court will not accept any unsupported conclusions or interpretations of law." *Day v. Fallon Community Health Plan, Inc.*, 917 F. Supp. 72, 75 (D. Mass. 1996). Instead, "it is the plaintiff's burden to make *sufficient factual allegations* in order to survive a Rule 12(b)(6) motion." *Id.* (emphasis added). In addition, insofar as Hubert expressly relies upon the terms of the Plan in his Complaint, the actual terms of that Plan can and should be considered in weighing the motion. *See, e.g., Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). As explained herein, Hubert's claims that the Plan assigns the Director Defendants any role with respect to valuing the Trust and determining participant benefits, and that they are fiduciaries with respect to those activities, are precisely the sort of "unsupported conclusions" that are insufficient to enable a Complaint to survive a motion to dismiss.

### I. COUNT ONE

With respect to Hubert's benefits claim against the Director Defendants under 29 U.S.C. § 1132(a)(1)(B), the Director Defendants expressly adopt and incorporate by reference each of the separate, independently sufficient grounds for dismissal presented by defendants Pappalardo and the Trust: First, even assuming that Hubert's factual allegations concerning share valuation are true, he has not stated a claim for any additional benefits under ERISA; second, Hubert lacks standing under ERISA and Article III; third, Hubert has not, as a matter of law, alleged facts sufficient to state a claim that the valuation of the Trust was arbitrary and capricious; and fourth, Hubert failed to exhaust his administrative remedies.

In addition, the Director Defendants have a fifth, separate and independently sufficient basis to dismiss the Complaint as against them. First Circuit precedent is clear that the only proper party defendants in a benefits action are the plan and the fiduciary responsible for plan administration – the parties that have the ability and discretionary authority to distribute benefits. *See Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998) ("the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan") (internal quotation marks and citation omitted); *see also DiGregorio v. PricewaterhouseCoopers Long Term Disability Plan*, 2004 WL 1774566, *15 (D. Mass. Aug. 9, 2004) (under 29 U.S.C. § 1132(a)(1)(B), proper parties defendant are the plan and, in the First Circuit, the plan administrator); *cf.* 29 U.S.C. § 1132 ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter").

As described above, *see supra* at 2–4, the Plan gives the Director Defendants no role with respect to the conduct of which Hubert complains: the Director Defendants have no role with respect to the dispersal of contributions to individual participants' accounts; they have no role in valuing the Trust; they have no role in determining distributions to participants; and they have no role in providing review of distribution decisions. Accordingly, because the Director Defendants are neither the ERISA plan nor, under the terms of the Plan, the plan administrator, under *Terry* and *DiGregorio* they are not proper party defendants in an action brought under Section 1132(a)(1)(B). Accordingly, the Director Defendants are entitled to dismissal as a matter of law of Count One as against them.[3]

---

[3] Moreover, because Hubert has not alleged that the Director Defendants have any authority to order the Trust to provide Hubert additional benefits, and the Plan on its face provides them none, Count One fails the

## II. COUNT TWO

With respect to Count Two of Hubert's Complaint, alleging that the Defendants breached their fiduciary duty in valuing trust assets and providing distributions to participants, the Director Defendants expressly adopt and incorporate by reference each of the separate, independently sufficient grounds for dismissal presented by defendants Pappalardo and the Plan: First, Hubert has not alleged a breach of fiduciary duty under ERISA; second, even assuming that Hubert's factual allegations concerning share valuation are true, he has not stated a claim for any additional benefits under ERISA; third, Hubert lacks standing under ERISA and Article III; fourth, Hubert has not, as a matter of law, alleged facts sufficient to state a claim that the valuation of the Trust was arbitrary and capricious; and fifth, Hubert failed to exhaust his administrative remedies.

In addition, the Director Defendants have a sixth, separate and independently sufficient grounds for dismissal of the breach of fiduciary duty claim as against them: simply put, they are not fiduciaries of the Plan with respect to valuation of the Trust or the payment of benefits, the conduct which is the subject of the breach of fiduciary duty claim. Under ERISA,

> A person is a fiduciary with respect to a plan *to the extent* (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A) (emphasis added). Because fiduciary status only arises "to the extent" one has discretionary authority or responsibility, "fiduciary liability arises in specific increments

---

redressability requirement of Article III standing. *Kowalski v. Tesmer*, 125 S.Ct. 564, 567 n.2 (2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

correlated to the vesting or performance of particular fiduciary functions in service of the plan, not in broad, general terms." *Beddall*, 137 F.3d at 18. Accordingly, even if the Director Defendants had some fiduciary responsibilities under the Plan, they could only be liable to Hubert in this action if they have fiduciary responsibility, in particular, with respect to valuation of the Trust for purposes of the determination and payment of participant benefits.

Under the Plan, the only individual with any discretionary authority or control over valuing the Plan and determining participant benefits is the Trustee. *See supra* at 3 (Trustee is responsible for determining participants' shares of contribution); *supra* at 2–3 (Trustee is responsible for valuing the Trust); *supra* at 3 (Trustee is responsible for determining participants' benefits); *supra* at 3–4 (Trustee is responsible for considering participants' requests for benefits and appeals from denials of benefits). The Plan provides no authority to the Director Defendants with respect to these aspects of Trust administration.

Hubert nonetheless claims that the "Defendants are fiduciaries in valuing Meditech's common stock for purposes of redemption and payment of a participant's benefits under the Plan." Hubert alleges no facts in support of this conclusion. Insofar as that wholly conclusory allegation is flatly contradicted by the Plan, it may be rejected by this Court in considering this Motion to Dismiss. *See Perry v. New England Business Service, Inc.*, 347 F.3d 343, 345–46 (1st Cir. 2003) (affirming district court's Rule 12(b)(6) dismissal of complaint because plaintiff's allegation that she was a plan participant "flies in the face of the unambiguous terms of the Plan"); *Crowley v. Corning, Inc. Investment Plan*, 234 F.Supp.2d 222, 228 (W.D.N.Y. 2002) (as to corporate defendant, dismissing complaint for failure to state claim because "the Plan provisions to which Plaintiff refers directly contradict [the] contention" that defendant was a plan fiduciary). Not only does the Plan provide the Director Defendants no role in valuing the Trust,

9

but there is no allegation that the Director Defendants participated in valuing the Trust for purposes of payment of a participant's benefits under the Plan; quite the contrary, to the extent Hubert alleges anything at all, it is that "the individual defendants conduct no separate inquiry as to fair value, and simply acquiesce in the price set by defendant Pappalardo." Compl. ¶ 31.

All told, Hubert's effort to lump the Director Defendants in as fiduciaries of the Plan with respect to valuing the Trust and determining participant benefits is frivolous. Because the Plan vests no discretionary authority in the Director Defendants with respect to these activities, and because Hubert has not, and cannot, allege that they exercise such discretionary authority, Count Two of the Complaint must be dismissed as against the Director Defendants for failure to state a claim. As the very Plan document relied upon by Hubert renders his own claims against the Director Defendants impossible as a matter of law, the dismissal should be with prejudice.

## CONCLUSION

For all of the foregoing reasons, the Director Defendants respectfully request that this Court grant their Motion to Dismiss the Complaint.

Respectfully submitted,

ROLAND L. DRISCOLL, EDWARD B. ROBERTS, and MORTON E. RUDERMAN.

By their attorneys,

_____
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that on April 15, 2005 a true copy of the foregoing document was served by first class mail, postage prepaid upon counsel for each other party.

_____
Kevin P. Martin