UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL F. HUBERT, individually and on behalf of all persons similarly situated,

Plaintiff,

v.

MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, A. NEIL PAPPALARDO, LAWRENCE A. PALIMINO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN, AND L.P. DAN VICENTE,

Defendants.

Civil Action No. 05-10269RWZ

ORAL ARGUMENT REQUESTED

## DEFENDANTS MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN AND A. NEIL PAPPALARDO'S MOTION TO DISMISS

Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan") and A. Neil Pappalardo (the "Trustee," and together with the Plan, the "Defendants"), hereby move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the putative class-action complaint (the "Complaint") filed against them by plaintiff Michael Hubert.

Hubert's Complaint purports to assert two causes of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq* ("ERISA") – a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and a claim of breach of fiduciary duty. The theory underlying both claims is that Defendants, together with the other named defendants,[1] undervalued the Medical Information Technology, Inc. ("Meditech" or the "Company") stock held by the trust established

---

[1] Defendants Roland L. Driscoll, Edward B. Roberts, and Morton E. Ruderman, who are filing a separate motion to dismiss, explicitly incorporate in their motion the arguments made in support of Defendants' motion. The Complaint also purports to name as defendants two additional directors of Meditech: an individual who is variously identified as Palimino and Polimino, and another individual named Vicente. There are no Meditech directors named Palimino/Polimino or Vicente. There are, however, directors of the company whose names

under the Plan (the Medical Information Technology, Inc. Profit Sharing Trust, the "Trust"), with the result that Hubert, upon his termination of employment, received a smaller distribution of benefits from the Trust than he was supposedly due. According to Hubert, he has a right under ERISA to benefits in an amount several times greater than what he has already received from the Trust.

As explained in greater detail in the accompanying Memorandum in Support, Hubert's Complaint is an effort to obtain a cash windfall from his employment with Meditech and should be dismissed for any of several independently-sufficient reasons:

*First*, with respect to Hubert's breach of fiduciary duty claim, it is black-letter law that the conduct of which Hubert complains – failure to pay benefits – cannot form the basis for such a claim under ERISA;

*Second*, with respect to both counts of the Complaint, even assuming the facts alleged by Hubert to be true, they do not support a conclusion that he is due any additional benefits from the Trust, wherefore Hubert has failed to state a claim;

*Third*, because of Hubert's lack of even a "colorable claim" that he was denied benefits he was due, he does not have standing to pursue this action under either ERISA or Article III of the Constitution;

*Fourth*, even assuming Hubert had alleged sufficient facts to show that he had received less in benefits due to Defendants' conduct in administering the Plan, he has not alleged sufficient facts to support a conclusion that the conduct was arbitrary and capricious, and accordingly would still have failed to state a claim; and

---

are Lawrence A. Polimeno and L.P. Dan Valente. To the extent the Complaint is ever construed to refer to these directors, they join in the separate motion to dismiss filed by Driscoll, Roberts, and Ruderman.

*Fifth*, Hubert has failed to exhaust his remedies under the Plan, as required to bring a benefits claim under ERISA.

WHEREFORE, for each of the separate, independently sufficient reasons given above, Pappalardo and the Plan move this Court to dismiss Hubert's Complaint with prejudice for failure to state a claim.

## CERTIFICATE OF LOCAL RULE 7.1(A)(2)

The undersigned certifies that pursuant to Local Rule 7.1(A)(2) he attempted to contact counsel for Plaintiff by telephone in a good faith effort to narrow or resolve the issues presented in this Motion but did not reach counsel for Plaintiff and therefore no agreement was reached.

## REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument would assist the Court in consideration of the issues presented in this Motion and, accordingly, request to be heard on this Motion pursuant to Local Rule 7.1(D).

Respectfully submitted,

MEDICAL INFORMATION TECHNOLOGY INC. PROFIT SHARING PLAN and A. NEIL PAPPALARDO.

By their attorneys,

_____
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: April 15, 2005

## CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that on April 15, 2005 a true copy of the foregoing document was served by first class mail, postage prepaid upon counsel for each other party.

_____
Kevin P. Martin