UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., A. NEIL PAPPALARDO, LAWRENCE A. POLIMENO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN, AND L.P. DAN VALENTE,<br><br>      Defendants. | Civil Action No. 05-10269RWZ |

**ASSENTED-TO MOTION OF DEFENDANTS MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC. AND A. NEIL PAPPALARDO FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS IN EXCESS OF PAGE LIMIT**

Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company") and A. Neil Pappalardo (collectively, "Defendants") hereby move the Court for leave to file a Memorandum in Support of their Motion to Dismiss the Amended Class Action Complaint which is 15 pages in excess of the twenty-page limit set out by Local Rule 7.1(b)(4).  Plaintiffs have assented to this Motion.

As grounds for their Motion, Defendants state that the plaintiffs, Michael Hubert, William Trainor and David Hinchliffe, have served a putative class-action complaint (the "Amended Complaint") purporting to assert two causes of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") – a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and a claim of breach of fiduciary duty.

Plaintiff Hubert first filed a putative class-action complaint against the Plan, Mr. Pappalardo, Roland L. Driscoll, Edward B. Roberts and Morton E. Ruderman on February 10, 2005 (the "Complaint"). All of the defendants moved to dismiss the Complaint on April 15, 2005. On May 23, 2005, Hubert, joined by additional plaintiffs Trainor and Hinchliffe, filed the Amended Complaint and an Opposition to Defendants' Motions to Dismiss. The Amended Complaint contains significant additions and names three new defendants: Meditech, Lawrence A. Polimeno and L.P. Dan Valente.

Defendants intend to move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on several grounds, many of which require extensive citation from ERISA, the Amended Complaint and the Plan documents relied upon by Plaintiffs. Given the complexity of ERISA and the need to describe the provisions of the Plan, Defendants' Memorandum in Support of their motion to dismiss, which will not exceed 35 pages, will enable Defendants to more fully elucidate the several reasons supporting their Motion to Dismiss.

In further support of their Motion, Defendants state that they have attempted to respect the Court's and counsel's time and resources by avoiding the needless duplication that would result from the Plan, Meditech and Mr. Pappalardo each filing separate Memoranda of up to twenty pages each.

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Leave to File a Memorandum in Support of their Motion to Dismiss in Excess of Page Limit.

## CERTIFICATE OF LOCAL RULE 7.1(A)(2)

The undersigned certifies that pursuant to Local Rule 7.1(A)(2) she contacted counsel for Plaintiffs, who assented to this Motion.

Respectfully submitted,

MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC. and A. NEIL PAPPALARDO.

By their attorneys,

  /s/ Jennifer W. Fischesser
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: June 10, 2005

LIBA/1556259.2