UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., A. NEIL PAPPALARDO, LAWRENCE A. POLIMENO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN, AND L.P. DAN VALENTE,<br><br>　　　　　Defendants. | Civil Action No. 05-10269RWZ<br><br>ORAL ARGUMENT REQUESTED |

### DEFENDANTS MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC. AND A. NEIL PAPPALARDO'S MOTION TO DISMISS

Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech"), and A. Neil Pappalardo (the "Trustee," and together with the Plan and Meditech, the "Trust Defendants"), hereby move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the putative class-action complaint (the "Amended Complaint") filed against them by plaintiffs Michael Hubert, William Trainor, and David Hinchliffe (together, "Plaintiffs"), each of whom is a former employee of Meditech.

The Amended Complaint purports to assert two causes of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") – a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and a claim of breach of fiduciary duty owed to individual Plan

participants under, presumably, 29 U.S.C. § 1132(a)(3).[1] The theory underlying both claims is that the Trust Defendants, together with the other named defendants – Roland L. Driscoll, Edward B. Roberts, Morton E. Ruderman, Lawrence A. Polimeno, and L.P. Dan Valente (the "Director Defendants," and together with the Trust Defendants, "Defendants") – undervalued the non-publicly traded Meditech stock held by the trust established under the Plan (the Medical Information Technology, Inc. Profit Sharing Trust, the "Trust"), with the result that Plaintiffs, upon termination of their employment, received a smaller distribution of benefits from the Trust than they were supposedly due. According to Plaintiffs, they have a right under the Plan to receive benefits in an amount several times greater than what they have already received from the Trust.

As explained in greater detail in the accompanying Memorandum in Support, Plaintiffs' Amended Complaint is an effort to obtain an improper cash windfall from their employment with Meditech and should be dismissed for any of several independently-sufficient reasons:

*First*, the breach of fiduciary duty claims of each Plaintiff are barred by ERISA's six-year statute of limitations, as Plaintiffs allege that the conduct of which they complain has been ongoing for at least seven or eight years. Moreover, the benefits claims of Plaintiffs Trainor and Hinchliffe, as well as all putative class members who allegedly received a "too small" distribution of benefits before February 10, 2002, are barred by Massachusetts' three-year limitations period for wage claims, which applies to benefits claims, such as Plaintiffs', for "deferred compensation." Moreover, the Plan has an express provision, effective as of January 1, 2002, establishing a limitations period for actions regarding benefits under the Plan. This provision subjects claims concerning "benefits" to a one-year limitations period; under this

---

[1] Plaintiffs never specify the statutory basis for their breach of fiduciary duty claim. Such claims on behalf of individual plan participants, however, can only be brought under 29 U.S.C. § 1132(a)(3).

provision, the claims of any putative class member who received a distribution of benefits before February 10, 2004 are time-barred.

*Second*, with respect to the breach of fiduciary duty claim, it is black-letter law that the conduct of which Plaintiffs principally complain – failure to pay benefits – cannot form the basis for such a claim under ERISA. To the extent Count Two is based on Plaintiffs' conclusory allegation of unjust enrichment, there are simply no factual allegations in the Amended Complaint concerning transactions with the Trust or Plan participants that could form the basis for an unjust enrichment claim. Moreover, to the extent Count Two seeks injunctive relief concerning administration of the Plan on an "going forward" basis, Plaintiffs, as former Plan participants, lack standing to pursue such relief;

*Third*, with respect to both counts of the Complaint, even assuming the facts alleged by Plaintiffs to be true, they do not support a conclusion that they are due any additional benefits from the Trust. As an initial matter, Plaintiffs allegations in the Amended Complaint make clear that the relief they seek would inevitably, and improperly, dilute the interest of remaining Plan participants, a result previously rejected by courts. In addition, Plaintiffs seek, at bottom, the advantage of the allegedly "too low" valuation method that historically has been used in determining the number of shares to be contributed to the Trust, and their higher proposed valuation method for determining the value of those shares for the purpose of determining their benefits. Nothing in ERISA, however, requires the use of a divergent valuation methodology for determining the value of non-publicly traded shares when it comes to determining benefits, than is used for determining contributions. Furthermore, because, under the Plan, the number of shares contributed by Meditech to the Trust is proportionate to the fair market value assigned to those shares, Plaintiffs cannot show how the use of a "too low" fair market valuation

methodology has prejudiced them; if a higher valuation methodology had been used, the Trust would simply hold proportionately fewer shares.  Finally, Plaintiffs' factual allegations concerning the "proper" fair market value are self-contradictory and entirely speculative, leaving the Amended Complaint devoid of any factual basis for their claim that they received less in benefits than they were due under the Plan;

*Fourth*, because Plaintiffs' lack even a "colorable claim" that they were denied benefits they were due, they do not have standing to pursue this action under either ERISA or Article III of the Constitution;

*Fifth*, even assuming Plaintiffs had alleged sufficient facts to show that they had received less in benefits due to Defendants' conduct in administering the Plan, they have not alleged sufficient facts to support a conclusion that the conduct was arbitrary and capricious, and accordingly would still have failed to state a claim; and

*Sixth*, Plaintiffs have failed to exhaust their remedies under the Plan, as is required to bring a benefits claim under ERISA.

WHEREFORE, for each of the separate, independently sufficient reasons given above, the Trustee, Meditech and the Plan move this Court to dismiss Plaintiffs' Amended Complaint with prejudice for failure to state a claim.

### REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument would assist the Court in consideration of the issues presented in this Motion and, accordingly, request to be heard on this Motion pursuant to Local Rule 7.1(D).

Respectfully submitted,

MEDICAL INFORMATION TECHNOLOGY INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC. and A. NEIL PAPPALARDO.

By their attorneys,

/s/ Stephen D. Poss, P.C.
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: July 1, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I, Jennifer W. Fischesser, hereby certify that, pursuant to Local Rule 7.1(A)(2), I consulted with counsel for Plaintiffs in a good faith attempt to eliminate or narrow the issues raised in the above motion. Plaintiffs, through counsel, would not assent to the requested relief.

/s/ Jennifer W. Fischesser

Dated: July 1, 2005

LIBA/1528018.4