UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., A. NEIL PAPPALARDO, LAWRENCE A. POLIMENO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN, AND L.P. DAN VALENTE,<br><br>Defendants. | Civil Action No. 05-10269RWZ<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS LAWRENCE A. POLIMENO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN AND L.P. DAN VALENTE'S MOTION TO DISMISS**

Defendants Lawrence A. Polimeno, Roland L. Driscoll, Edward B. Roberts, Morton E. Ruderman and L.P. Dan Valente (the "Director Defendants") hereby move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Two of the putative class-action amended complaint (the "Amended Complaint") filed against them by Michael P. Hubert, William Trainor and David Hinchliffe (the "Plaintiffs").[1]

The Amended Complaint purports to assert two causes of action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA") – a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) (Count One), and a claim of breach of fiduciary duty (Count Two). The gist of both counts of the Amended Complaint is that Plaintiffs, former employees of

---

[1] The Director Defendants are not named in Count One of the Complaint.

defendant Medical Information Technology, Inc.("Meditech"), did not receive all of the benefits due them under the terms of the Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), upon termination of their employment with Meditech.

Only Count Two is brought against the Director Defendants. The theory underlying Count Two is that the Director Defendants, together with defendant A. Neil Pappalardo – the Chairman and CEO of Meditech, and trustee ("Trustee") of the Medical Information Technology, Inc., Profit Sharing Trust (the "Trust") established under the Plan – violated their fiduciary duties to Plan participants by undervaluing the Trust's holdings of non-publicly traded Meditech stock, with the result that the Plaintiffs, upon the termination of their employment, each received a smaller distribution of benefits from the Trust than they were supposedly due under the Plan. Plaintiffs also allege that the Director Defendants breached a fiduciary duty to adequately monitor and/or remove Pappalardo as Trustee. As a remedy for these alleged breaches of fiduciary duty, Plaintiffs seek to be "made whole" for the "harm" they incurred as a result of the alleged undervaluation of Meditech stock, and also seek an injunction, on a "going forward" basis, requiring an annual appraisal of the Trust, at the individual Defendants' expense, and the removal of defendant Pappalardo as trustee of the Trust.

As explained in greater detail in the Memorandum in Support, Plaintiffs' effort to obtain a cash windfall from their employment with Meditech is frivolous and should be dismissed.

*First*, to avoid duplication, the Director Defendants expressly incorporate by reference and rely upon in this Motion to Dismiss each of the separate, independently sufficient grounds for dismissal presented by defendants Pappalardo, Meditech and the Plan (the "Trust Defendants," and together with the Director Defendants, "Defendants") in their separate motion to dismiss and accompanying memorandum in support:

2

(1) Plaintiffs' breach of fiduciary duty claim is barred by the statute of limitations and by the Plan;

(2) Plaintiffs' "breach of fiduciary duty" claim is really an improperly pled benefits claim, and they lack standing to pursue the injunctive relief they seek;

(3) Even assuming the facts alleged by Plaintiffs concerning valuation to be true, they do not support Plaintiffs' claim to have been denied any benefits due them under the Plan;

(4) Plaintiffs lack standing under both ERISA and Article III of the Constitution;

(5) Plaintiffs have failed as a matter of law to allege arbitrary and capricious conduct; and

(6) Plaintiffs have failed to exhaust their administrative remedies under the Plan.

*Second*, as explained in the separate Memorandum in Support accompanying this Motion, the Director Defendants have additional independently-sufficient grounds for dismissal of the Amended Complaint as against them.  As an initial matter, under the terms of the Plan on which Plaintiffs rely in bringing their Amended Complaint, the Director Defendants have no responsibility, and no fiduciary authority, with respect to the conduct of which Plaintiffs complain:  they do not allocate contributions to the Trust to the accounts of individual participants, they do not value the assets of the Trust, they do not determine the amount of distributions of benefits to participants, and they do not hear claims for additional benefits. Accordingly, the Director Defendants are entitled to dismissal of such portion of Count Two as concerns the valuation of the Trust and the distribution of benefits under the Plan.  Moreover, with respect to Count Two's allegation of "failure to monitor," because Plaintiffs provide no factual allegations concerning the Director Defendants' performance of their fiduciary duty to

3

monitor the Trustee, it is clear that Plaintiffs are seeking to use the duty to monitor as a means of holding the Director Defendants directly liable for the alleged misconduct of the Trustee, an unwarranted, novel extension of ERISA that must be rejected.

WHEREFORE, Lawrence A. Polimeno, Roland L. Driscoll, Edward B. Roberts, Morton E. Ruderman and L.P. Dan Valente respectfully move this Court to dismiss Plaintiffs' Amended Complaint with prejudice in its entirety as against them, and to grant them such other relief as may be just and equitable.

### REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument would assist the Court in consideration of the issues presented in this Motion and, accordingly, request to be heard on this Motion pursuant to Local Rule 7.1(D).

Respectfully submitted,

LAWRENCE A. POLIMENO, ROLAND L. DRISCOLL, EDWARD B. ROBERTS, MORTON E. RUDERMAN and L.P. DAN VALENTE.

By their attorneys,

/s/  Stephen D. Poss, P.C.
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Jennifer W. Fischesser (BBO # 651480)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: July 1, 2005

## **LOCAL RULE 7.1(A)(2) CERTIFICATE**

I, Jennifer W. Fischesser, hereby certify that, pursuant to Local Rule 7.1(A)(2), I consulted with counsel for Plaintiffs in a good faith attempt to eliminate or narrow the issues raised in the above motion. Plaintiffs, through counsel, would not assent to the requested relief.

/s/ Jennifer W. Fischesser

Dated: July 1, 2005

LIBA/1554814.4