UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,

    Plaintiffs,

v.

MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,

    Defendants.

Civil Action No. 05-10269RWZ

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Defendants Medical Information Technology, Inc. Profit Sharing Plan ("the Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company"), and A. Neil Pappalardo (together with the Plan and the Company, the "Defendants") answer the Amended Complaint (the "Amended Complaint") of plaintiffs Michael P. Hubert, William Trainor, and David Hinchliffe (the "Plaintiffs") as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to assert some or all of the claims in their Amended Complaint.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part under the statute of limitations.

### FOURTH DEFENSE

Plaintiffs' claims are barred under the equitable doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred under the equitable doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiffs' claims are barred under the equitable doctrine of estoppel.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of waiver.

### EIGHTH DEFENSE

Plaintiffs' claims are barred because the Plaintiffs have failed to mitigate their damages.

### NINTH DEFENSE

Plaintiffs' claims are barred because the Plaintiffs consented to, approved of, and/or ratified the conduct that they now allege to be unlawful and improper.

### TENTH DEFENSE

Plaintiffs' claims are barred because the Plaintiffs failed to exhaust their administrative remedies under the Plan.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred because the Defendants did not act arbitrarily or capriciously in making discretionary decisions regarding benefits valuations.

### TWELFTH DEFENSE

Neither this case nor any part of it may be certified as a class action pursuant to Fed. R. Civ. P. 23 or otherwise.

### THIRTEENTH DEFENSE

The representative Plaintiffs will not fairly and adequately protect the interests of the putative plaintiff class.

### FOURTEENTH DEFENSE

The Plaintiffs' claims or defenses are not representative of the members of the putative classes, and issues common to members of the putative class do not predominate.

### FIFTEENTH DEFENSE

The Defendants give notice that they intend to and will rely upon all defenses they may have as to any of the absent members of the putative class if a class is certified, including, but not limited to, the defenses of a failure to state a claim, lack of standing, statute of limitations, waiver, estoppel, laches, unclean hands, failure to mitigate damages, failure to exhaust remedies, consent, approval, ratification, res judicata, judgment, arbitration, payment, and discharge in bankruptcy, and they further reserve the right to assert counterclaims against any such person to the extent required in order to preserve their rights.

### SIXTEENTH DEFENSE

The Defendants hereby give notice that they intend to and will rely upon such other and further defenses as may become apparent during the course of this action.

### SEVENTEENTH DEFENSE

The Defendants respond to the allegations in the Amended Complaint as follows:

No response is required to the initial, unnumbered paragraph labeled "INTRODUCTION" of the Amended Complaint, as it merely purports to summarize Plaintiffs'

claims. To the extent a response is required, the Defendants deny the allegations in the introductory paragraph.

1. Defendants deny that Hubert was a participant in the Plan at all relevant times. Defendants admit that Hubert was a participant in the Plan from September 1, 1982 until July 30, 2004. Defendants admit that Hubert was paid all benefits due him under the terms of the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Amended Complaint.

2. Defendants deny that Trainor was a participant in the Plan at all relevant times. Defendants admit that Trainor was a participant in the Plan from June 1, 1976 until March 13, 1998. Defendants admit that Trainor was paid all benefits due him under the terms of the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Amended Complaint.

3. Defendants deny that Hinchliffe was a participant in the Plan at all relevant times. Defendants admit that Hinchliffe was a participant in the Plan from December 1, 1976 until June 30, 1998. Defendants admit that Hinchliffe was paid all benefits due him under the terms of the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5. Defendants deny that the Plan is a business trust. Defendants admit that the Plan is sponsored by Meditech. Defendants admit the Plan is governed by the Employee Retirement Income Security Act ("ERISA") Title 29 U.S.C. 1001, et seq. Defendants deny the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.     Defendants admit that Lawrence A. Polimeno, Roland L. Driscoll, Edward B. Roberts, Morton E. Ruderman, and L.P. Dan Valente are directors of Meditech. Defendants admit that the Plaintiffs purport to call these directors the "Director Defendants," even though these directors have been dismissed from this action, and are no longer defendants. The remaining allegations in Paragraph 7 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 7 of the Amended Complaint.

8.     Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

9.     Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in Paragraph 9 of the Amended Complaint.

10.    Defendants admit that on December 31, 1973, Meditech created a profit sharing plan with the plan's assets to be placed in a trust. Defendants deny that Meditech agreed to contribute stock and/or cash to the Plan. Defendants admit that the Plan is a pension plan as defined under ERISA and is governed by ERISA. The allegation that the Plan is governed by the Internal Revenue Code, 26 U.S.C. 401 et seq. states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation that the Plan is governed by the Internal Revenue Code, 26 U.S.C. 401 et seq. Defendants deny that the document attached as Ex. A is a 1980's version of the Plan.

11.    Defendants admit the allegations in Paragraph 11 of the Amended Complaint.

12.    Defendants deny that the "Director Defendants," as defined by the Plaintiffs, are defendants in this action. Defendants admit that, to the extent that in any given year the "Director Defendants" elect to have Meditech make a contribution to the Plan, the "Director Defendants" decide the amount of the Company contributions to the Plan as well as whether the

Company will make its contribution in cash, stock, or a combination of cash and stock. Defendants deny the remaining allegations in Paragraph 12 of the Amended Complaint.

13. The allegations in Paragraph 13 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

14. Defendants deny the allegations in Paragraph 14 of the Amended Complaint.

15. Defendants admit that Meditech contributed 80,000 split-adjusted shares to the Plan in 1998, 1999, 2000, 2002, 2003, and 2004, and 75,000 split-adjusted shares in 2001. Defendants deny the allegation that there is a "customary" contribution of shares from Meditech to the Plan.

16. Defendants deny the allegations in Paragraph 16 of the Amended Complaint.

17. Defendants admit that the board of directors of Meditech have a fiduciary duty to ensure that the Plan's Trustee fulfills his or her obligations. Defendants admit that defendant A. Neil Pappalardo is the current trustee of Meditech. Defendants deny the remaining allegations in Paragraph 17 of the Amended Complaint.

18. Defendants admit that the Plan's trustee is responsible for valuing the fair market value of the Plan's assets on an annual basis, allocating each participant's interest in the Plan's assets to the participant's individual account, and determining the amounts due to Plan participants upon distribution. Defendants admit that defendant A. Neil Pappalardo is the trustee of the Plan. The Defendants deny the remaining allegations in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21. The allegations in Paragraph 21 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

22. Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Amended Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26. Defendants deny the first two sentences in Paragraph 26 of the Amended Complaint. Defendants admit that, under the Plan, on or around the time of separation of employment, the participant receives a letter stating his or her proportional interest in the Plan's assets and a benefits election form, permitting the participant to elect the manner in which his or her interest will be distributed. Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28. Defendants admit that plaintiffs Michael Hubert, William Trainor, and David Hinchliffe each received the distribution of their fully vested interest in the Plan at or around the time they terminated their employment with Meditech without submitting any claim for benefits. Defendants deny the allegations contained in the second sentence of Paragraph 28 of the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34. Defendants admit that the Company had 2000 employees at the end of 2002 and over 2000 employees in 2003 and 2004. Defendants deny the remaining allegations in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36. The allegations contained in the first sentence of Paragraph 36 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them. Defendants admit the allegations in the second sentence of Paragraph 36 of the Amended Complaint.

37. Defendants admit that Hubert was entitled to his vested share of the Plan upon termination of his employment on July 30, 2004. Defendants deny the remaining allegations in Paragraph 37 of the Amended Complaint.

38. Defendants admit that Trainor was entitled to his vested share of the Plan upon termination of his employment on March 13, 2004. Defendants deny the remaining allegations in Paragraph 38 of the Amended Complaint.

39. Defendants admit that Hinchliffe was entitled to his vested share of the Plan upon termination of his employment on June 30, 1998. Defendants deny the remaining allegations in Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42. Paragraph 42 purports to make requests by the Plaintiffs to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43. Defendants admit that Meditech is a successful and profitable creator and licensor of medical information software to hospitals and similar types of health related businesses. Defendants admit that Meditech owns five pieces of developed real estate in Massachusetts, and that Meditech rents approximately 40% of the real estate it owns to commercial tenants. Defendants deny the remaining allegations in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45. The allegation that Meditech is a conservatively run company is too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny the allegation, and so deny it. Defendants admit that Meditech had total revenue of $225.6 million in 1999. Defendants admit that Meditech had total revenue of $223.8 million in 2001. Defendants admit that Meditech had total revenue of $270.7 million in 2003. Defendants admit that Meditech had total revenue of $280.8 million in 2004. Defendants admit that the table correctly sets forth the total revenue of Meditech for the years 1998, 2000, and 2002. Defendants admit that Meditech had a net income of $56.8 million in 2001. Defendants admit that Meditech had a net income of $71.4 million in 2004. Defendants admit that the table correctly sets forth the net income of Meditech for the years 1998, 1999, 2000, 2002, and 2003. Defendants deny the remaining allegations in Paragraph 45 of the Amended Complaint.

46. Defendants deny that Meditech or its shares have a "set market price" or a "stock price." Defendants admit that the chart at Paragraph 46 correctly sets forth, for each year listed in the chart, the dividends per share paid during the four quarters preceding the end of that year.

Defendants admit that the chart in Paragraph 46 correctly sets forth the fair market values per share of Meditech stock, as determined by Meditech's board of directors as of December 31st for each year set forth in the table, for purposes of Meditech's voluntary contribution of Meditech stock to the Plan. Defendants deny the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50. The allegations in Paragraph 50 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

51. Defendants admit that in 2002, a Board member publicly questioned whether the stock values were being determined at "an artificially low price" and whether the Board ought not to hire an independent appraiser to verify the stock's value rather than "relying on an outdated valuation methodology that does not properly reflect the Issuer's current fair value." Defendants deny the remaining allegations in Paragraph 51 of the Amended Complaint.

52. Defendants admit that Exhibit C is a copy of an amended complaint filed in Massachusetts Superior Court by a former member of the board of directors of Meditech. Defendants deny the remaining allegations in Paragraph 52 of the Amended Complaint.

53. The allegations in Paragraph 53 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

54. Defendants admit that for the year 2003 Meditech reported on Form 5500 that the Plan's assets included employer securities worth $101,297,482. Defendants admit the Plan Administrator reported on Form 5500 that the Plan had $101,297,482 in assets whose value was not set by an independent third party appraiser. Defendants deny the remaining allegations in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56. The allegations in Paragraph 56 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

57. Defendants admit that Pappalardo bought 50,000 shares of Meditech stock from Meditech in February 2003 at $22 per share, 25,000 shares from Meditech at $26 per share in March 2004, and 25,000 shares from Meditech at $29 per share in February 2005. Defendants deny the remaining allegations in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59. The allegations in Paragraph 59 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61. The allegations in Paragraph 61 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 61 of the Amended Complaint

62. Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64. Defendants admit that in or about late December 1998, Pappalardo, acting together with the other members of the board of directors of Meditech, determined the fair market value of the common stock of Meditech for purposes of a voluntary contribution by the Company of its stock to the Plan to be $14.50 per share (post May 2001 split). Defendants deny the remaining allegations in Paragraph 64 of the Amended Complaint.

65. The allegations in Paragraph 65 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

66. Defendants admit that on December 29, 1998, Meditech made a voluntary contribution to the Plan of $2,340,000 in cash and $1,160,000 in Meditech stock at a fair market value of $14.50 per share post split, for a total contribution of $3,500,000. Defendants deny the remaining allegations in Paragraph 66 of the Amended Complaint.

67. Defendants admit the allegations in Paragraph 67 of the Amended Complaint.

68. The allegations in Paragraph 68 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny them, and so deny them.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny that the Company has a "stock price to earnings ratio ("PE")." Defendants admit that the ratio of the fair market value per share of Meditech stock as determined by the Company's board of directors for purposes of making a voluntary contribution of Meditech stock to the Plan to the earnings per share of Meditech was 8.8 on December 31, 1998 and 8.7 on December 31, 1999. Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants admit that in or about December 1999, the board of directors of Meditech determined the fair market value of the common stock of Meditech for purposes of a voluntary contribution by the Company of its stock to the Plan to be $16.00 per share (post May 2001 split).  Defendants deny the remaining allegations in Paragraph 71 of the Amended Complaint.

72.     Defendants admit that on December 27, 1999, Meditech made a voluntary contribution to the Plan of $2,720,000 in cash and $1,280,000 in shares of Meditech stock with a fair market value of $16 per share (post split), for a total contribution of $4,000,000.  Defendants deny the remaining allegations in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.     The allegations in Paragraph 74 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered.  Defendants therefore cannot admit or deny them, and so deny them.

75.     Defendants admit that Meditech had net income of $59,956,000 in 1999, earnings per share (post May, 2001 split) of $1.83 in 1999, and paid a cash dividend of $1 per share in 1999 (post split).  Defendants deny the remaining allegations in Paragraph 75 of the Amended Complaint.

76.     Defendants admit that Meditech's operating income was $91.5 million in 1999. Defendants admit that Meditech's earnings per share (post May 2001 split) were $1.83 in 1999. Defendants deny the allegations in sixth sentence of Paragraph 76 of the Amended Complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Amended Complaint.

77.     Defendants admit that at the end of December 2000 the board of directors of Meditech determined the fair market value of the common stock of Meditech for purposes of a voluntary contribution by the Company of its stock to the Plan to be $17 per share (post split). The remaining allegations in Paragraph 77 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny the remaining allegations, and so deny them.

78.     Defendants admit the allegations in Paragraph 78 of the Amended Complaint.

79.     Defendants admit that in 2000 Meditech had earnings per share of $1.66. Defendants deny that Meditech has a "price to earnings per share ratio." Defendants admit that the ratio of the fair market value per share of Meditech stock as of December 31, 2000, as determined by the Company's board of directors for purposes of a voluntary contribution of Meditech stock by the Company to the Plan, to the earnings per share of Meditech stock, was approximately 10 on December 31, 2000. Defendants deny the remaining allegations in Paragraph 79 of the Amended Complaint.

80.     Defendants admit that in 2000 Meditech paid a cash dividend of $1.16 per share of Meditech stock, about 6.8% of its fair market value per share as of December 31, 2000, as determined by the board of directors of Meditech for purposes of a Meditech voluntary contribution of Meditech stock by the Company to the Plan. Defendants deny the remaining allegations in Paragraph 80 of the Amended Complaint.

81.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 81 of the Amended Complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 81 of the Amended Complaint. Defendants are

14

without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 81 of the Amended Complaint. Defendants deny the remaining allegations in Paragraph 81 of the Amended Complaint.

82.  Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

83.  Defendants admit that at the end of December 2001, the board of directors of Meditech determined the fair market value of the common stock of Meditech for purposes of a voluntary contribution by the Company of its stock to the Plan to be $19.00 per share (post split). Defendants admit that Meditech had 33,797,439 shares outstanding as of March 22, 2002. Defendants deny the remaining allegations in Paragraph 83 of the Amended Complaint.

84.  Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85.  Defendants admit the allegations in Paragraph 85 of the Amended Complaint.

86.  Defendants admit that, in 2001, Meditech had a net income of $56,841,000 and paid a cash dividend of $1.24 per share (post split) for the four quarters preceding December 31, 2001. Defendants admit that the ratio of the fair market value per share of Meditech stock as of December 31, 2001, as determined by the Company's board of directors for purposes of a voluntary contribution of Meditech stock by the Company to the Plan, to the earnings per share of Meditech stock, was approximately 11.2 on December 31, 2001. Defendants deny the remaining allegations in Paragraph 86 of the Amended Complaint.

87.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Amended Complaint.

88.  Defendants deny the allegations in Paragraph 88 of the Amended Complaint.

89.  Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90. Defendants admit that in December 2002 the board of directors of Meditech determined the fair market value of the common stock of Meditech for purposes of a voluntary contribution by the Company of its stock to the Plan to be $22.00 per share. The remaining allegations in Paragraph 90 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny the remaining allegations, and so deny them..

91. Defendants admit that in 2002 Meditech made a contribution to the Plan of 80,000 shares of Meditech stock at a fair market value $22 per share, and a cash contribution of $2,340,000 for a total contribution of $4,100,000. Defendants deny the remaining allegations in Paragraph 91 of the Amended Complaint.

92. Defendants deny that Meditech has a "declared stock price." Defendants admit that, in 2002, the Company had a net income $63,871,000, had earnings per share of $1.89, and paid a cash dividend of $1.36 per share over the four quarters preceding December 31, 2002, or over 6% of its fair market value per share as of December 31, 2002, as determined by the board of directors of Meditech for purposes of a Meditech voluntary contribution of Meditech stock by the Company to the Plan. Defendants admit that the ratio of the fair market value per share of Meditech stock as of December 31, 2002, as determined by the Company's board of directors for purposes of a voluntary contribution of Meditech stock by the Company to the Plan, to the earnings per share of Meditech stock, was approximately 11.6 on December 31, 2002. Defendants further admit that Meditech contributed 80,000 shares to the Plan at the end of 2002. Defendants deny the remaining allegations in Paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Amended Complaint.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Amended Complaint.

96. Defendants admit that in December 2003 the board of directors of Meditech determined the fair market value of the common stock of Meditech for purposes of a voluntary contribution by the Company of its stock to the Plan to be $26 per share. Defendants deny the remaining allegations in Paragraph 96 of the Amended Complaint.

97. Defendants admit that Meditech contributed 80,000 shares of Meditech common stock to the Plan at the end of 2003, along with cash of just over $2 million. Defendants deny the remaining allegations in Paragraph 97 of the Amended Complaint.

98. Defendants admit that, for the year 2003, Meditech had net income of $67.4 million, had net income per share of $1.98, and paid a dividend of $1.56 per share, approximately 6% of its fair market value per share as of December 31, 2003, as determined by the board of directors of Meditech for purposes of a Meditech voluntary contribution of Meditech stock by the Company to the Plan. Defendants deny the remaining allegations in Paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Amended Complaint.

100. Defendants admit that Meditech's 2003 Form 10K listed some of its competitors as Cerner Corp., IDX Systems, and Eclipsys. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

17

103. The allegations contained in the first sentence of Paragraph 103 of the Amended Complaint are too vague, ambiguous, and imprecise to be answered. Defendants therefore cannot admit or deny these, and so deny them. Defendants admit the allegations contained in the second sentence of Paragraph 103 of the Amended Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 103 of the Amended Complaint.

104. To the extent necessary to respond to Paragraph 104 of the Amended Complaint, Defendants incorporate by reference all of their responses above as if set forth fully herein.

105. Defendants deny the allegations in Paragraph 105 of the Amended Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Amended Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108. To the extent necessary to respond to Paragraph 108 of the Amended Complaint, Defendants incorporate by reference all of their responses above as if set forth fully herein.

109. Count Two of the Amended Complaint was dismissed by the Court, and therefore Paragraph 109 of the Amended Complaint does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110. Count Two of the Amended Complaint was dismissed by the Court, and therefore Paragraph 110 of the Amended Complaint does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111. Count Two of the Amended Complaint was dismissed by the Court, and therefore Paragraph 111 of the Amended Complaint does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 111 of the Amended Complaint.

112.   Count Two of the Amended Complaint was dismissed by the Court, and therefore Paragraph 112 of the Amended Complaint does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

113.   Count Two of the Amended Complaint was dismissed by the Court, and therefore Paragraph 113 of the Amended Complaint does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief on any of their claims and Defendants request that the Plaintiffs take nothing by their Amended Complaint and that Defendants be awarded attorneys' fees and costs.

## HEADINGS AND SUBHEADINGS

Defendants need not respond to the headings or subheadings within the Amended Complaint. To the extent that a response is required, Defendants deny any averments in the headings or subheadings of the Amended Complaint.

Respectfully submitted,

MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO

By their attorneys,

 /s/  Stephen D. Poss, P.C.
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Dated: May 2, 2006                     (617) 570-1000

## CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that I have on this 2nd day of May, 2006, caused the above document to be served electronically upon all counsel of record.

/s/ Kevin P. Martin
Kevin P. Martin

LIBA/1694240