UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>        Defendants. | Civil Action No. 05-10269RWZ |

**ASSENTED-TO MOTION TO IMPOUND CONFIDENTIAL DOCUMENTS**

Pursuant to Local Rule 7.2, Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company"), and A. Neil Pappalardo (together with the Plan and Meditech, the "Defendants") hereby request leave to file under seal Defendants' Motion for a Protective Order Governing the Treatment of Documents and Information in the above captioned Matter ("Motion for Protective Order"), the accompanying attorney's affidavit of Kevin P. Martin (the "Martin Affidavit"), and the attached exhibits.

As grounds for this motion, Defendants state that:

1.    The parties have been actively negotiating the terms of a stipulation and protective order governing the production of documents in this litigation. Defendants circulated a draft Stipulation and Protective Order Governing the Production and Exchange of Confidential Information in the above-captioned matter (the "Hubert Draft Protective Order") to Plaintiffs on May 5, 2006, to which the Plaintiffs objected.

2. Notwithstanding this objection, Plaintiffs agreed to treat documents exchanged in discovery in this action in accordance with the Hubert Draft Protective Order pending further agreement on the terms of a protective order or further order of the Court.

3. Operating under this agreement, Defendants produced documents to Plaintiffs designated as "Confidential – Subject to Protective Order," or "Confidential/Attorneys – Subject to Protective Order."

4. The parties have reached an impasse on negotiations over a protective order, and Plaintiffs have requested that Defendants file a motion for protective order. Defendants are prepared to file the Motion for Protective Order, as well as the Martin Affidavit. The Motion for Protective Order, however, contains information designated as "Confidential" and "Confidential/Attorneys" in this litigation, as well as information designated as "Confidential" in another action, *Grossman* v. *Medical Information Technology, Inc., et al.* Civil Action No. 03-1872 (Mass. Super. Ct., Suffolk County) (the "Grossman Litigation"), pursuant to the terms of a protective order entered in that case (the "Grossman Protective Order"). Similarly, the Martin Affidavit appends documents designated as "Confidential" and "Confidential/Attorneys" in this litigation, and as "Confidential" in the Grossman Litigation.

5. The Hubert Draft Protective Order provides that a party wishing to use any information designated "Confidential – Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order," in any paper filed with the Court in this proceeding must file the portion of the paper containing protected information under seal to be maintained under seal by the Court.

6. The Grossman Protective Order similarly provides that a party wishing to use any information designated "Confidential – Subject to a Protective Order" under it in any paper filed

with the court must file the portion of the paper containing protected information under seal to be maintained under seal by the court.

9. In order to maintain confidentiality, Defendants seek leave to file their Motion for Protective Order, the accompanying Affidavit of Kevin P. Martin, and the attached Exhibits in a sealed envelope which indicates that the documents shall be kept confidential and revealed only to court personnel.

10. On July 10, 2006, Kevin P. Martin, an attorney with Goodwin Procter LLP, counsel for the Defendants, spoke with counsel for Plaintiffs, who assented to this motion.

For the foregoing reasons, Defendants respectfully request that this Court grant leave to file under seal their Motion for Protective Order, the accompanying Affidavit of Kevin P. Martin, and the attached Exhibits, and that these documents be made available only to court personnel and no one else, until further order by the Court.

|  |  |
|---|---|
|  | MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO |
|  | By their attorneys, |
|  |  /s/  Stephen D. Poss, P.C.<br>Stephen D. Poss, P.C. (BBO # 551760)<br>Kevin P. Martin (BBO # 655222)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, Massachusetts 02109-2881 |
| Dated: July 11, 2006 | (617) 570-1000 |

## LOCAL RULE 7.1(a)(2) CERTIFICATE

     I, Kevin P. Martin, hereby certify pursuant to Local Rule 7.1(a)(2) that the moving party has conferred in good faith with Sara Noonan, counsel for Plaintiffs, on the matter set forth herein and that Ms. Noonan has assented to the relief sought in this motion.

                                      /s/ Kevin P. Martin
                                      Kevin P. Martin

**CERTIFICATE OF SERVICE**

    I, Kevin P. Martin, hereby certify that a true copy of the above document was served upon the counsel of record for each other party via this Court's ECF System on July 11, 2006.

                                        /s/ Kevin P. Martin
                                        Kevin P. Martin