UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>Defendants. | Civil Action No. 05-10269RWZ |

## DEFENDANTS' MOTION TO IMPOUND

Pursuant to Local Rule 7.2, Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company"), and A. Neil Pappalardo (together with the Plan and Meditech, the "Defendants") hereby request leave to file under seal Defendants' Motion to Compel Compliance with the Subpoena *Duces Tecum* for Michael Collora ("Motion to Compel"), the accompanying attorney's affidavit of Kevin P. Martin (the "Martin Affidavit"), and the attached exhibits.

As grounds for this motion, Defendants state that:

1. On June 16, 2006, Defendants served a subpoena *duces tecum* on Michael Collora, seeking both documents and deposition testimony. Mr. Collora has refused to produce any documents, and negotiations over his appearance at the subpoenaed deposition have reached an impasse.

2. Defendants wish to file a motion to compel Mr. Collora's compliance with the subpoena. In support of that motion, Defendants must refer to two documents that were produced

       with a "Confidential" designation in a separate litigation, *Grossman* v. *Medical Information Technology, Inc., et al.* Civil Action No. 03- 1872 (Mass. Super. Ct., Suffolk County) (the "Grossman Litigation"), pursuant to the terms of a protective order entered in that case (the "Grossman Protective Order").

3. The Grossman Protective Order provides that a party wishing to use any information designated "Confidential – Subject to a Protective Order" under it in any paper filed with the court must file the portion of the paper containing protected information under seal to be maintained under seal by the court.

4. In order to comply with the Grossman Protective Order, Defendants seek leave to file their Motion to Compel, the Martin Affidavit, and the attached exhibits in a sealed envelope which indicates that the documents shall be kept confidential and revealed only to court personnel.

5. Defendants have exercised restraint in designating materials for impounding. The Motion to Compel and supporting documents, including exhibits, total only 56 pages.

For the foregoing reasons, Defendants respectfully request that this Court grant leave to file under seal their Motion to Compel, the Martin Affidavit, and the attached Exhibits, and that these documents be made available only to court personnel and no one else, until further order by the Court.

|  |  |
|---|---|
|  | MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO |
|  | By their attorneys, |
|  | /s/ Stephen D. Poss<br>Stephen D. Poss, P.C. (BBO # 551760)<br>Kevin P. Martin (BBO # 655222)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, Massachusetts 02109-2881 |
| Dated: August 4, 2006 | (617) 570-1000 |

### LOCAL RULE 7.1(a)(2) CERTIFICATE

I, Kevin P. Martin, hereby certify pursuant to Local Rule 7.1(a)(2) that the moving party attempted in good faith to confer with counsel for Plaintiffs in an attempt to seek their assent to this motion, but that counsel for Plaintiffs was not available.

/s/ Kevin P. Martin
Kevin P. Martin

### CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that a true copy of the above document was served upon the counsel of record for each other party via this Court's ECF System on August 4, 2006.

/s/ Kevin P. Martin
Kevin P. Martin