UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL P. HUBERT, WILLIAM
TRAINOR, and DAVID HINCHLIFFE,
Individually And On Behalf Of All Persons
Similarly Situated,

    Plaintiffs,

    v.

MEDICAL INFORMATION TECHNOLOGY,
INC. PROFIT SHARING PLAN, MEDICAL
INFORMATION TECHNOLOGY, INC., and
A. NEIL PAPPALARDO,

    Defendants.

Civil Action No. 05-10269RWZ

**DEFENDANTS' ASSENTED-TO MOTION TO FILE AN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IN EXCESS OF PAGE-LIMIT**

Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company") and A. Neil Pappalardo (collectively, "Defendants") hereby move the Court for leave to file an Opposition to Plaintiffs' Motion for Class Certification which is 10 pages in excess of the twenty-page limit set out by Local Rule 7.1(b)(4). Plaintiffs have assented to this Motion.

As grounds for their Motion, Defendants state that Plaintiffs in this putative ERISA class action have proposed certification of a class with three class representatives: plaintiffs Michael Hubert, David Hinchliffe, and William Trainor ("Plaintiffs"). Defendants intend, in part, to challenge the adequacy and typicality of each Plaintiff under Fed. R. Civ. P. 23(a), a challenge that requires a review of unique facts pertinent to each Plaintiff. In addition, Plaintiffs have proposed a class consisting of both former and current plan participants, and former participants who terminated participation with the Plan in years different than did the Plaintiffs, raising several actual conflicts between the Plaintiffs and absent class members that Defendants must

address. Finally, each of these arguments, and others presented in the Opposition, will require substantial description of the terms, and operation, of the Plan.

For all of these reasons, Defendants' request an additional ten (10) pages in Opposition to Plaintiffs' Motion for Class Certification. Defendants believe that a thirty (30) page Opposition will enable Defendants to more fully elucidate the several reasons supporting their Opposition, better enabling the Court to undertake the "rigorous analysis" and "close look" required by the Rules. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *General Tel Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982); *In re Biogen Securities Litig.*, 179 F.R.D. 25, 40 (D. Mass. 1997).

Furthermore, on August 30, 2006, the undersigned conferred with Michael Collora, counsel for Plaintiffs, who assented to this Motion.

        Respectfully submitted,

        MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO

        By their attorneys,

        /s/ Kevin P. Martin
        Stephen D. Poss, P.C. (BBO # 551760)
        Kevin P. Martin (BBO # 655222)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, Massachusetts 02109-2881

Dated: August 30, 2006        (617) 570-1000

## CERTIFICATE OF COMPLIANCE
## <u>WITH LOCAL RULE 7.1(A)(2)</u>

    I, Kevin P. Martin, hereby certify that I in good faith conferred with Michael Collora, counsel for the Plaintiffs, on August 30, 2006, and that Mr. Collora assented to this Motion.

                                    /s/ Kevin P. Martin  
                                    Kevin P. Martin

## <u>CERTIFICATE OF SERVICE</u>

    I, Kevin P. Martin, hereby certify that I have on this 30th day of August, 2006, caused the above document to be served electronically upon all counsel of record.

                                    /s/ Kevin P. Martin  
                                    Kevin P. Martin