UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>Defendants. | Civil Action No. 05-10269RWZ |

**DEFENDANTS' ASSENTED-TO MOTION TO IMPOUND**

Pursuant to Local Rule 7.2, Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company"), and A. Neil Pappalardo (together with the Plan and Meditech, the "Defendants") hereby request leave to electronically file redacted versions of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition Brief") and the accompanying attorney's affidavit of Michael P. Sugrue (the "Sugrue Affidavit"), and to file under seal a complete version of the Opposition Brief, and a complete version of the Sugrue Affidavit together with exhibits B, C, D, and K thereto. Plaintiffs have assented to this motion.

As grounds for this motion, Defendants state that:

1. Defendants' Opposition Brief contains citations and information from documents, and the Sugrue Affidavit attaches documents, designated as "Confidential" pursuant to the terms of a draft protective order in this action to which the parties have agreed to comply pending its approval by the Court, as well as documents produced to Defendants with a

"Confidential" designation in another action, *Grossman* v. *Medical Information Technology, Inc., et al.* Civil Action No. 03-1872 (Mass. Super. Ct., Suffolk County), pursuant to the terms of a protective order entered in that case (the "Grossman Protective Order").

2. The draft protective order in this action and the Grossman Protective Order both provide that a party wishing to use any information designated "Confidential" under it in any paper filed with the court must file the portion of the paper containing protected information under seal to be maintained under seal by the court.

3. In order to comply with the draft protective order in this action and the Grossman Protective Order, Defendants seek leave to file a complete version of their Opposition Brief, and a complete version of the Sugrue Affidavit together with exhibits B, C, D, and K thereto, in a sealed envelope which indicates that the documents shall be kept confidential and revealed only to court personnel.

4. Defendants will also file redacted versions of the forgoing pleadings, as well as all non-confidential exhibits thereto, electronically via this Court's ECF system for the public record.

5. Defendants have exercised restraint in designating materials for impounding. Redactions to the 30-page Opposition Brief total less than one page of text. Defendants seek leave to file under seal only four of the nineteen exhibits to the Sugrue affidavit, which total only 40 pages.

6. On September 14, 2006, the undersigned spoke with Sara Noonan, counsel for Plaintiffs, who assented to this motion.

For the foregoing reasons, Defendants respectfully request that this Court grant leave to electronically file, via this Court's ECF System, redacted versions of their Opposition Brief and the Sugrue Affidavit, in addition to all non-confidential exhibits thereto, and to file under seal the complete versions of their Opposition Brief and the Sugrue Affidavit together with exhibits B, C, D, and K thereto, and that the documents filed under seal be made available only to court personnel and no one else, until further order by the Court.

|  |  |
|---|---|
|  | MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO |
|  | By their attorneys, |
|  | /s/ Michael P. Sugrue<br>Stephen D. Poss, P.C. (BBO # 551760)<br>Kevin P. Martin (BBO # 655222)<br>Michael P. Sugrue (BBO #655727)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, Massachusetts 02109-2881 |
| Dated: September 14, 2006 | (617) 570-1000 |

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I, Michael P. Sugrue, hereby certify pursuant to Local Rule 7.1(a)(2) that the moving party conferred in good faith with Sara Noonan, counsel for Plaintiffs, who assented to this motion.

 /s/ Michael P. Sugrue
Michael P. Sugrue

4

**CERTIFICATE OF SERVICE**

    I, Michael P. Sugrue, hereby certify that a true copy of the above document was served upon the counsel of record for each other party via this Court's ECF System on September 14, 2006.

                                          /s/ Michael P. Sugrue
                                          Michael P. Sugrue