UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually and On Behalf Of All Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, et al.<br><br>Defendants. | Civil Case No. 05-10269-RWZ |

### PLAINTIFFS' MOTION TO STRIKE AFFIDAVITS OF A. NEAL PAPPALARDO AND BARBARA A. MANZOLILLO

Plaintiffs Michael Hubert, William Trainor, and David Hinchliffe (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, move to strike the Affidavit of A. Neal Pappalardo, and the Affidavit of Barbara A. Manzolillo, both of which were filed on September 15, 2006, and any legal arguments based on the affidavits as set forth in the Defendants' Opposition to Plaintiffs' Motion to Certify Class, also filed on September 15, 2006.

The central claim in this litigation is that for years Defendants have intentionally set the value of Meditech stock using a valuation methodology that results in artificially low stock values, which are then used to calculate payments due under an employee benefit plan. Thus, the central factual issues in this case revolve around the precise valuation methodology that Defendants used to determine stock price and the reasons for using it. On April 18, 2006, the parties appeared before the Court for a scheduling conference, at which time the Plaintiffs suggested that the parties proceed with discovery

on both class certification issues and the merits of the case. The Defendants opposed that suggestion and instead requested that the parties be limited to discovery pertaining only to the issue of class certification. The Court granted the Defendants' request and ordered that discovery commence only as to the issue of class certification. See Scheduling Order (attached at Tab A). Since that time, the Defendants repeatedly invoked the limited scope of discovery when responding to the Plaintiffs' discovery requests, even though the Plaintiffs fully complied with the Court's Order and did not inquire into the substance of the Defendants' valuation decisions. See, e.g., Defendants' Response to Plaintiffs' First Request for Production of Documents, dated June 5, 2006, at 2, 7, 9, 10 (attached at Tab B).

Notwithstanding their clear understanding of the Court's Order, on September 27, 2006, the Defendants filed two affidavits in support of their Opposition to Plaintiffs' Motion to Certify Class that purport to set forth the bases and justifications for the Defendants' valuation decisions, the core factual issue in the case. See Affidavit of A. Neal Pappalardo at ¶¶ 5-7, 13-17; Affidavit of Barbara Manzolillo at ¶¶ 23-27. Factual assertions going to the merits of the case are always improper in the context of class certification. See Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 177 (1974). Here, however, where the Plaintiffs were precluded from conducting any discovery on the issue at the Defendants' request, the affidavits constitute a blatant attempt to sandbag the other side and to violate the spirit, if not the letter, of the Court's Order.

Because the Affidavits are both irrelevant and unfair, the Plaintiffs respectfully request that the Court strike both the Affidavit of A. Neal Pappalardo and the Affidavit of

Barbara A. Manzolillo, as well as any legal arguments based on those affidavits contained in the Defendants' Opposition to Plaintiffs' Motion to Certify the Class.

### CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

The undersigned certifies that she has conferred with Kevin Martin, counsel for the defendants in a good faith attempt to narrow the issues raised by this Motion.

> Respectfully submitted,
> **Michael P. Hubert,**
> **William Trainor, and**
> **David Hinchliffe,**
> By their attorneys,
>
> ___/s/ Sara Noonan_____
> Michael A. Collora (BBO #092940)
> David A. Bunis (BBO #550570)
> Sara Noonan (BBO #645293)
> Dwyer & Collora, LLP
> 600 Atlantic Avenue
> Boston, MA  02210
> 617-371-1000
> 617-371-1037

Dated:  September 27, 2006

### CERTIFICATE OF SERVICE

I, Sara E. Noonan, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on this 27th day of September, 2006.

> _____/s/ Sara Noonan_____
> Sara E. Noonan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10269-RWZ

MICHAEL P. HUBERT, et al.

v.

MEDICAL INFORMATION TECHNOLOGY
PROFIT SHARING, et al.

<u>SCHEDULING ORDER</u>

May 15, 2006

ZOBEL, D. J.

This matter having come before the court at a scheduling conference held pursuant to Rule 16, Fed. R. Civ. P., 28 U.S.C., and Michael A. Collora and Sara E. Noonan having appeared as counsel for plaintiffs Michael P. Hubert, et al; and Kevin P. Martin and Stephen D. Poss having appeared as counsel for defendants Medical Information Technology Profit Sharing Plan, et al., the following action was taken:

1. The parties agreed to complete all discovery pertaining to class certification by July 31, 2006.

2. The motion for class certification shall be filed by August 15, 2006; the opposition, by September 15, 2006, and a reply of no more than five pages, by September 27, 2006. Hearing on the motion will be on October 17, 2006 at 2 p.m.

3. Counsel agreed to work out an appropriate protective order and to make available documents from the Grossman case.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL P. HUBERT, WILLIAM
TRAINOR, and DAVID HINCHLIFFE,
Individually And On Behalf Of All Persons
Similarly Situated,

        Plaintiffs,

    v.

MEDICAL INFORMATION TECHNOLOGY,
INC. PROFIT SHARING PLAN, MEDICAL
INFORMATION TECHNOLOGY, INC., and
A. NEIL PAPPALARDO,

        Defendants.

Civil Action No. 05-10269RWZ

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company"), and A. Neil Pappalardo (together with the Plan and Meditech, the "Defendants") hereby object and respond to the First Request for Production of Documents (the "Request") of plaintiffs Michael P. Hubert, William Trainor, and David Hinchliffe (the "Plaintiffs") as follows:

### General Objections

1. Each of the following General Objections is incorporated by reference in each of the specific objections and responses below as if fully set forth therein.

2. Defendants object generally to the entirety of the Request as overly broad, unduly burdensome, unreasonably duplicative and redundant and unreasonable in scope.

1

3. Defendants object to reproducing responsive documents that were previously produced and will not produce such documents again unless it is easier for Defendants to reproduce such documents than to determine whether they were previously produced.

4. Defendants object generally to each paragraph of the Request (including the Definitions and Instructions) to the extent that it calls for the production of documents that are protected by the attorney-client privilege or work product doctrine, or that are protected by any other privilege or doctrine, or otherwise not subject to discovery under the Federal Rules of Civil Procedure.

5. Defendants object generally to each paragraph of the Request (including the Definitions and Instructions) to the extent it seeks to impose obligations upon Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this District Court.

6. Defendants object generally to each paragraph of the Request (including the Definitions and Instructions) to the extent that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object generally to each paragraph of the Request to the extent that it seeks information beyond the scope of discovery in this phase of the case, which was limited by the Court to discovery concerning class certification and individual defenses to the claims of the Plaintiffs.

8. Defendants object generally to each paragraph of the Request (including the Definitions and Instructions) to the extent that it calls for the production of information and/or documents containing and/or constituting confidential or proprietary business information. Defendants will produce information and/or documents containing and/or constituting

confidential or proprietary business information subject to the terms of a Stipulation and Protective Order Governing the Confidential Treatment of Documents and Information (hereinafter, the "Protective Order") entered into by and between the parties in this litigation.

9. Defendants object to the Request on the ground that it purports to seek documents containing information in a manner other than that in which such information is maintained by the Defendants in the ordinary course of business.

10. Documents produced by Defendants are documents located after a reasonable search. Defendants reserve the right to supplement their production if any additional responsive documents are later located.

11. All objections, including without limitation objections as to relevance, authenticity, or admissibility, are expressly reserved.

12. Any statement herein that Defendants will produce documents responsive to any particular Request does not constitute a representation that any such documents, or any such non-privileged documents, exist or are in Defendants' possession, custody, or control. Nor does such a statement constitute a representation or admission that terminology or characterizations as used in the Request are accurate or that any Request is a proper subject of discovery.

## Objections to Requests

### Request for Production No. 1.

All documents identified, used or referred to when responding to Plaintiffs' Interrogatories to Defendants.

### Response No. 1.

In addition to the General Objections above, Defendants specifically object to Request No. 1 on the grounds that "identified, used or referred to" is not defined and is otherwise vague and ambiguous. For purposes of responding to this Request, Defendants construe the phrase to

seek "documents that provided information used in preparing responses to Plaintiffs' Initial Set of Interrogatories to Defendants."

Defendants further object to this Request to the extent that it calls for the production of documents concerning persons other than Plaintiffs, and because it unduly intrudes upon the privacy of individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting those documents identified, used or referred to when responding to Plaintiffs' Interrogatories to Defendants, to the extent not previously produced.

### Request for Production No. 2.

All version [sic] of the Plan that were in effect and all resolutions or instruments of adoption since January 1, 1996.

### Response No. 2.

In addition to the General Objections above, Defendants specifically object to Request No. 2 on the grounds that "resolutions or instruments of adoption" is not defined and is otherwise vague and ambiguous. For purposes of responding to this Request, Defendants construe the phrase to seek "all resolutions by the board of directors of Meditech to amend the Plan."

Subject to and without waiving the foregoing objections, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting all versions of the Plan and all resolutions by the board of directors of Meditech to amend the Plan since January 1, 1996.

**Request for Production No. 3.**

All versions of the Trust Agreement that were in effect and all amendments to said Trust Agreement adopted since January 1, 1996.

**Response No. 3.**

Subject to and without waiving the General Objections above, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting all versions of the Trust Agreement that were in effect and all amendments to said Trust Agreement adopted since January 1, 1996.

**Request for Production No. 4.**

All versions of the Summary Plan Description, and all Summaries of Material Modifications issued by the Plan.

**Response No. 4.**

In addition to the General Objections above, Defendants specifically object to Request No. 4 on the grounds that it calls for the production of documents that are publicly available.

Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it fails to specify a relevant time period.

Subject to and without waiving the General Objections above, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting versions of the Summary Plan Description, and Summaries of Material Modifications issued by the Plan.

**Request for Production No. 5.**

All Annual Reports of Form 5500 (together with all Schedules and attachments thereto) of the Plan for each year since January 1, 1995.

**Response No. 5.**

In addition to the General Objections above, Defendants specifically object to Request No. 5 on the grounds that it is overly broad and unduly burdensome, as it calls for the production of documents that are publicly available.

Subject to and without waiving the foregoing objections, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting Annual Reports of Form 5500 (together with Schedules and attachments thereto) of the Plan for each year since January 1, 1995.

**Request for Production No. 6.**

All Summary Annual Reports of the Plan for each year since January 1, 1995.

**Response No. 6.**

Subject to and without waiving the General Objections above, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting Summary Annual Reports of the Plan for each year since January 1, 1995.

**Request for Production No. 7.**

All regulations established by the Trustee pursuant to section 11.10 of the Trust Agreement.

**Response No. 7.**

Subject to and without waiving the General Objections above, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting all regulations established by the Trustee pursuant to section 11.10 of the Trust Agreement.

**Request for Production No. 8.**

All written communications between the Defendants (or any representative) on the one hand and any participant, terminating participant or terminated participant (or his or her representative) on the other since January 1, 1996 concerning:

    (a)    the participant's interest in the Plan and how that interest was calculated;
    (b)    the value of the Plan or its assets and how that value was calculated;
    (c)    how the participant's interest in the Plan is or was determined;
    (d)    a participant or former participant's rights of appeal from benefit determinations, including the process by which appeals could be made; and
    (e)    any denials of benefits (partial or full) sent under section 11.10 of the Plan or otherwise.

**Response No. 8.**

In addition to the General Objections above, Defendants specifically object to Request No. 8 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request to the extent that it calls for the production of documents concerning persons other than Plaintiffs, and because it unduly intrudes upon the privacy of individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the ground that it is outside the scope of discovery approved by the Court for this phase of discovery.

Defendants further object to Request No. 8 on the grounds that it is overly broad and unduly burdensome, as it calls for the production of documents already in the possession or control of the Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting such written communications during each year requested. To the extent that such communications are individualized or contain individual-specific personal financial data and/or were not kept by Meditech in the ordinary course of business, Defendants will make available examples of such communications and/or communications to Plaintiffs.

### Request for Production No. 10.[1]

All documents sent as a matter of course to a participant upon termination of their interest in the Plan since January 1, 1996.

### Response No. 10.

In addition to the General Objections above, Defendants specifically object to Request No. 10 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request to the extent that it calls for the production of documents concerning persons other than Plaintiffs, and because it unduly intrudes upon the privacy of individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

---

[1] Plaintiffs' First Request for Production of Documents omits a Request for Production No. 9.

Defendants further object to this Request on the ground that it is outside the scope of discovery approved by the Court for this phase of discovery.

Defendants further object to Request No. 10 on the grounds that it is overly broad and unduly burdensome, as it calls for the production of documents already in the possession or control of the Plaintiffs.

Defendants further object on the ground that the phrases "matter of course" and "termination of their interest" are not defined and are vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendants will make available, subject to the terms of a Protective Order, where applicable, responsive, non-privileged documents in their possession, custody or control constituting such written communications during each year requested. To the extent that such communications are individualized or contain individual-specific personal financial data and/or were not kept by Meditech in the ordinary course of business, Defendants will make available examples of such communications and/or communications to Plaintiffs.

### Request for Production No. 11.

All documents produced and/or exchanged between the parties in the matter of *Grossman v. Medical Information Technology, Inc,. et al.* concerning the valuation of Meditech stock, including but not limited to documents produced during discovery by the defendants in that case, answers to requests for admissions, answers to interrogatories, deposition transcripts and the exhibits thereto, expert reports and the material provided to experts, and pleadings whether or not the pleadings were ultimately filed by either party.

### Response No. 11.

In addition to the General Objections above, Defendants specifically object to Request No. 11 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request on the ground that it is outside the scope of discovery approved by the Court for this phase of discovery.

Defendants further object to this Request on the ground that it calls for the production of documents from *Grossman v. Medical Information Technology, Inc,. et al.* Civil Action No. 03-1872 (Mass. Super. Ct., Suffolk County) in excess of those the production of which was approved by the Court at the scheduling conference held on April 18, 2006.

Subject to and without waiving the foregoing objections, Defendants will make available certain responsive, non-privileged documents in their possession, custody or control that are responsive to this Request, to the extent approved by the Court.

Respectfully submitted,

MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO

By their attorneys,

/s/ Stephen D. Poss, P.C.
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Dated: June 5, 2006                (617) 570-1000

## CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that I have on this 5th day of June, 2006, caused the above document to be served by First Class Mail upon all counsel of record.

/s/ Kevin P. Martin
Kevin P. Martin