UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>        Defendants. | Civil Action No. 05-10269RWZ |

**AFFIDAVIT OF MICHAEL P. SUGRUE IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
AFFIDAVITS OF A. NEIL PAPPALARDO AND BARBARA A. MANZOLILLO**

I, Michael P. Sugrue, depose and state as follows:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts. I am an associate at Goodwin Procter LLP, counsel for Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company") and A. Neil Pappalardo ("Pappalardo," and together with the Plan and Meditech, the "Defendants") in this matter.

2. I make this affidavit in support of Defendants' Opposition to Plaintiffs' Motion to Strike Affidavits of A. Neil Pappalardo and Barbara A. Manzolillo.

3. I have personal knowledge of the matters described in this Affidavit.

4. Attached as Exhibit 1 is a true and accurate copy of a transmittal letter from Michael P. Sugrue to Michael A. Collora dated June 8, 2006, enclosing documents produced by Defendants in response to Plaintiffs' First Request for Production of Documents. Included in

this production were materials relating to the valuation of Meditech stock, many of which had been produced during discovery in an earlier state-court litigation between defendants Meditech and Mr. Pappalardo and a third party, Jerome Grossman (the "Grossman Litigation"). In particular, the following valuation-related materials were provided to Plaintiffs on June 8, 2006:

- The expert report on valuation produced by defendants in the Grossman Litigation;

- Reports provided to the Meditech Board of Directors in connection with their annual determination of a year-end fair value for Meditech stock, for purposes of the Company selling stock to Meditech employees and contributing stock to the Trust;

- Minutes of meetings of the Board of Directors of Meditech in which the subject of share valuation is discussed;

- Communications from Mr. Pappalardo and Meditech's then Executive Vice-President, Howard Messing, to Meditech employees concerning the valuation of Meditech stock; and

- Memoranda from Mr. Pappalardo, in his capacity as Trustee, to Ms. Manzolillo, in her capacity as Plan Administrator, entitled "Annual Valuation of the Trust's Assets," for each year-end since 1996.

In addition, the June 8 production included copies of packages provided by Meditech to its employees each year that contained information regarding the valuation of Trust assets by Mr. Pappalardo, in his capacity as Trustee.

    5.    Attached as Exhibit 2 is a true and accurate copy of a transmittal letter from Sergio J. Campos to Michael A. Collora dated June 12, 2006 enclosing additional documents produced by Defendants. As expressly stated therein, certain documents were produced as "responsive to [Plaintiffs'] Request No. 11, which calls for the production of '[a]ll documents produced and/or exchanged between the parties in the [Grossman Litigation] concerning the

valuation of Meditech stock . . . .'"  In particular, additional Minutes of meetings of the Board of Directors of Meditech, in which the subject of share valuation is discussed, were provided to Plaintiffs on June 12, 2006.  In addition, the June 12 production included copies of Meditech's public filings with the Securities and Exchange Commission for each quarter and year beginning in 1996.

6.      Attached as Exhibit 3 is a true and accurate copy of a transmittal letter from Sergio J. Campos to Michael A. Collora dated June 16, 2006 enclosing additional documents produced by Defendants.  As expressly stated therein, certain documents were produced as "responsive to [Plaintiffs'] Request No. 11, which calls for the production of '[a]ll documents produced and/or exchanged between the parties in the [Grossman Litigation] concerning the valuation of Meditech stock . . . .'"  In particular, the following valuation-related materials were provided to Plaintiffs on June 16, 2006:

- The expert report on valuation produced by plaintiff in the Grossman Litigation; and

- The documents relied upon by defendants' expert in the Grossman Litigation.

7.      Attached as Exhibit 4 is a true and accurate copy of a transmittal letter from Sergio J. Campos to Michael A. Collora dated June 20, 2006 enclosing additional documents produced by Defendants.  As expressly stated therein, certain documents were produced as "responsive to [Plaintiffs'] Request No. 11, which calls for the production of '[a]ll documents produced and/or exchanged between the parties in the [Grossman Litigation] concerning the valuation of Meditech stock . . . .'"  In particular, the following valuation-related materials were provided to Plaintiffs:

3

- Every document relied upon by plaintiffs' expert in the Grossman Litigation; and

- Excerpts from the transcripts of the deposition of Mr. Pappalardo and the Rule 30(b)(6) deposition of Meditech in the Grossman Litigation on valuation-related topics, together with the related deposition exhibits.

8.     Attached as Exhibit 5 is a true and accurate copy of a transmittal letter from Sergio J. Campos to Michael A. Collora dated June 27, 2006 enclosing additional documents produced by Defendants.  As expressly stated therein, certain documents were produced as "responsive to [Plaintiffs'] Request No. 11, which calls for the production of '[a]ll documents produced and/or exchanged between the parties in the [Grossman Litigation] concerning the valuation of Meditech stock . . . .'"  In particular, the following valuation-related materials were provided to Plaintiffs on June 27, 2006:

- Excerpts from the deposition transcript of Mr. Grossman in the Grossman Litigation on valuation-related topics, together with the related deposition exhibits;

- Defendants' Responses to Plaintiff's First Set of Interrogatories in the Grossman Litigation concerning valuation-related topics;

- Plaintiff's Responses to Defendants' First Set of Interrogatories in the Grossman Litigation concerning valuation-related topics;

- Plaintiff's Responses to Defendants' First Set of Requests for Admission in the Grossman Litigation concerning valuation-related topics;

- Defendants' Responses to Plaintiff's Expert Interrogatories and Document Requests in the Grossman Litigation concerning valuation-related topics; and

- Plaintiff's Responses to Defendants' Expert Interrogatories and Document Requests in the Grossman Litigation concerning valuation-related topics.

9.     Attached as Exhibit 6 is a true and accurate copy of a transmittal letter from Sergio J. Campos to Michael A. Collora dated July 31, 2006 enclosing additional documents

4

produced by Defendants in response to Plaintiffs' First Request for Production of Documents. The following valuation-related materials were provided to Plaintiffs on July 31, 2006:

- Excerpts from the transcripts of the deposition of Ms. Manzolillo and the Rule 30(b)(6) deposition of Meditech in the Grossman Litigation on valuation-related topics, together with the related deposition exhibits;

- Reports provided to the Meditech Board of Directors in connection with their annual determination of a year-end fair value for Meditech stock, for purposes of the Company selling stock to Meditech employees and contributing stock to the Trust; and

- Presentations made by Mr. Pappalardo to Meditech employees explaining factors used in the valuation of Meditech stock.

10.     Attached as Exhibit 7 is a true and accurate copy of Defendants' Response to Plaintiffs' Initial Set of Interrogatories.

11.     Attached as Exhibit 8 is a true and accurate copy of excerpts from the Rule 30(b)(6) deposition transcript of A. Neil Pappalardo in the above-captioned action, conducted on July 21, 2006.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2006.

/s/ Michael P. Sugrue
Michael P. Sugrue

5



# GOODWIN PROCTER

Michael P. Sugrue
617.570.8298
msugrue@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 8, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,
         USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed documents Bates-labeled DEF 000001-003585, which are responsive to
Plaintiffs' First Request for Production of Documents, subject to the objections stated in
Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential
– Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order."  Per
the parties' agreement, documents exchanged in discovery in this action shall be treated in
accordance with the draft Stipulation and Order Governing the Production and Exchange of
Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5,
2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, as I discussed with Sara Noonan
earlier today, we are sending these materials based on the representation that Plaintiffs will pay
for duplicating expenses.  We will send an invoice for the copying shortly.  Further, we expect to
produce additional responsive materials over the next few days.

Sincerely yours,

Michael P. Sugrue

Enclosures

cc:  Stephen D. Poss, P.C. (w/o enclosures)
     Kevin P. Martin (w/o enclosures)



GOODWIN | PROCTER

Sergio J. Campos
617.570.1618
scampos@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 12, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,**
       **USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 003586-004939, which are being
produced in response to Plaintiffs' First Request for Production of Documents, subject to the
objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential
– Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order." Per
the parties' agreement, documents exchanged in discovery in this action shall be treated in
accordance with the draft Stipulation and Order Governing the Production and Exchange of
Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5,
2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, we are sending these materials
based on the representation that Plaintiffs will pay for duplicating expenses.  We will send an
invoice for the copying shortly.

Please note that certain materials enclosed herewith are responsive to Request No. 11, which
calls for the production of "[a]ll documents produced and/or exchanged between the parties in
the matter of *Grossman* v. *Medical Information Technology, Inc., et al.* concerning the valuation
of Meditech stock . . . ."  We note, so that there is no confusion, that additional documents that
may relate to the valuation of Meditech stock were produced by *non*-parties to the Grossman
litigation, and thus are not responsive to Request No. 11.

# GOODWIN | PROCTER

Michael A. Collora, Esq.
June 12, 2006
Page 2

We expect to provide copies of some additional documents within the next few days.

Sincerely,

Sergio J. Campos

Enclosures

cc:     Stephen D. Poss, P.C.
        Kevin P. Martin, Esq.



GOODWIN | PROCTER

Sergio J. Campos
617.570.1618
scampos@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 16, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,
USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 004940-005443, which are being
produced in response to Plaintiffs' First Request for Production of Documents, subject to the
objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential
– Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order."  Per
the parties' agreement, documents exchanged in discovery in this action shall be treated in
accordance with the draft Stipulation and Order Governing the Production and Exchange of
Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5,
2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, we are sending these materials
based on the representation that Plaintiffs will pay for duplicating expenses.  We will send an
invoice for the copying shortly.

Please note that certain materials enclosed herewith are responsive to Request No. 11, which
calls for the production of "[a]ll documents produced and/or exchanged between the parties in
the matter of *Grossman* v. *Medical Information Technology, Inc., et al.* concerning the valuation
of Meditech stock . . . ."  We note, so that there is no confusion, that additional documents that
may relate to the valuation of Meditech stock were produced by *non*-parties to the Grossman
litigation, and thus are not responsive to Request No. 11.

# GOODWIN | PROCTER

Michael A. Collora, Esq.
June 16, 2006
Page 2


We expect to provide copies of some additional documents within the next few days.

Sincerely,

Sergio J. Campos

Enclosures

cc:     Stephen D. Poss, P.C.
        Kevin P. Martin, Esq.



# GOODWIN PROCTER

Sergio J. Campos
617.570.1618
scampos@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 20, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,**
        **USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 005444-006423, which are being produced in response to Plaintiffs' First Request for Production of Documents, subject to the objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential – Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order."  Per the parties' agreement, documents exchanged in discovery in this action shall be treated in accordance with the draft Stipulation and Order Governing the Production and Exchange of Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5, 2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, we are sending these materials based on the representation that Plaintiffs will pay for duplicating expenses.  We will send an invoice for the copying shortly.

Please note that certain materials enclosed herewith are responsive to Request No. 11, which calls for the production of "[a]ll documents produced and/or exchanged between the parties in the matter of *Grossman v. Medical Information Technology, Inc., et al.* concerning the valuation of Meditech stock . . . ."  We note, so that there is no confusion, that additional documents that may relate to the valuation of Meditech stock were produced by *non*-parties to the Grossman litigation, and thus are not responsive to Request No. 11.

GOODWIN PROCTER

Michael A. Collora, Esq.
June 20, 2006
Page 2

We expect to provide copies of some additional documents within the next few days.

Sincerely,

Sergio J. Campos

Enclosures

cc:    Stephen D. Poss, P.C.
       Kevin P. Martin, Esq. ✓



# GOODWIN PROCTER

| | |
|---|---|
| Sergio J. Campos | Goodwin Procter LLP |
| 617.570.1618 | Counsellors at Law |
| scampos@ | Exchange Place |
| goodwinprocter.com | Boston, MA 02109 |
| | T: 617.570.1000 |
| | F: 617.523.1231 |

June 27, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,
USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 006424-006774, which are being produced in response to Plaintiffs' First Request for Production of Documents, subject to the objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential – Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order." Per the parties' agreement, documents exchanged in discovery in this action shall be treated in accordance with the draft Stipulation and Order Governing the Production and Exchange of Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5, 2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, we are sending these materials based on the representation that Plaintiffs will pay for duplicating expenses. We will send an invoice for the copying shortly.

Please note that certain materials enclosed herewith are responsive to Request No. 11, which calls for the production of "[a]ll documents produced and/or exchanged between the parties in the matter of *Grossman* v. *Medical Information Technology, Inc., et al.* concerning the valuation of Meditech stock . . . ." We note, so that there is no confusion, that additional documents that may relate to the valuation of Meditech stock were produced by *non*-parties to the Grossman litigation, and thus are not responsive to Request No. 11.

GOODWIN | PROCTER

Michael A. Collora, Esq.
June 27, 2006
Page 2


Sincerely,

Sergio J. Campos

Enclosures

cc:    Stephen D. Poss, P.C.
       Kevin P. Martin, Esq.



# GOODWIN | PROCTER

Sergio J. Campos
617.570.1618
scampos@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 31, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,**
       **USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 006775-6989, which are being produced in response to Plaintiffs' First Request for Production of Documents, subject to the objections stated in Defendants' response thereto.

Included in these materials are relevant portions of the deposition transcripts of Barbara A. Manzolillo from the Grossman Litigation. It is our understanding that, upon receipt of these transcripts, you will withdraw your subpoena for the transcripts served on Wilmer Cutler Pickering Hale & Dorr.

Also, please note that the documents bates-labeled DEF 006858-6908 and DEF 006909-6965 correct and replace documents bates-labeled DEF 00000502-558 and DEF 003535-3585 respectively. The earlier-produced documents contained a copying error that is corrected in the new documents.

Please note that we have designated certain documents, to the extent applicable, as "Confidential – Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order." Per the parties' agreement, documents exchanged in discovery in this action shall be treated in accordance with the draft Stipulation and Order Governing the Production and Exchange of Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5, 2006, pending further agreement on the terms of a protective order, as ordered by the Court on July 28, 2006 (the "Order"). Moreover, consistent with the Order, do not show those materials marked "Confidential/Attorneys – Subject to Protective Order" to your client Michael Hubert.

GOODWIN | PROCTER

Michael A. Collora, Esq.
July 31, 2006
Page 2


In an effort to speed the production of documents to Plaintiffs, we are sending these materials based on the representation that Plaintiffs will pay for duplicating expenses. We will send an invoice for the copying shortly.

Sincerely,

Sergio J. Campos

Enclosures

cc:    Stephen D. Poss, P.C.
       Kevin P. Martin, Esq.



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>       Defendants. | Civil Action No. 05-10269RWZ |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' INITIAL SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company"), and A. Neil Pappalardo (together with the Plan and Meditech, the "Defendants") hereby object and respond to the Initial Set of Interrogatories (the "Interrogatories") by plaintiffs Michael P. Hubert, William Trainor, and David Hinchliffe (the "Plaintiffs") as follows:

### General Objections

1.      Each of the following General Objections is incorporated by reference in each of the specific objections and responses below as if fully set forth therein.

2.      Defendants object generally to the entirety of the Interrogatories as overbroad, unduly burdensome, unreasonably duplicative and redundant and unreasonable in scope.

3.     Defendants object generally on the grounds that the Interrogatories do not comply with Local Rule 26.1(c), which provides that "[f]or purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specific additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory." Under Local Rule 26.1(C), two of the Interrogatories, which purport to consist of a basic interrogatory and multiple subparts, in fact consist of entirely separate interrogatories. *See* Interrogatory No. 1 ("For the period between January 1, 1996 and January 1, 2006, please identify the following information"); Interrogatory No. 2 ("For the period between January 1, 1995 and January 1, 2006, please identify the following information").  In accordance with Local Rule 26.1(C), Plaintiffs' Initial Set of Interrogatories consists of twenty-four (24) interrogatories, one less than the total of twenty-five (25) permitted by Local Rule 26.1(C).  Defendants will object to any further set of interrogatories consisting of more than one interrogatory as exceeding the limits on discovery set forth in Local Rule 26.1(c)

4.     Defendants object generally to the entirety of the Interrogatories insofar as they purport to seek information in a manner other than that in which such information is maintained by the Defendants in the ordinary course of business.

5.     Defendants object generally to the entirety of the Interrogatories because they seek information beyond the scope of discovery in this phase of the case, which was limited by the Court to discovery concerning class certification and individual defenses to the claims of Plaintiffs.

6.     Defendants object generally to each paragraph of the Interrogatories (including the Definitions and Instructions) to the extent that it purports to require all Defendants to provide

a response to each Interrogatory. To the extent that an Interrogatory seeks information and/or documents concerning the Plan, such information will be provided, where available, from the Trustee of the Plan. To the extent that an Interrogatory seeks information and/or documents concerning Meditech, such information will be provided, where available, from Meditech. To the extent that an Interrogatory seeks information and/or documents concerning Pappalardo, such information will be provided, where available, from Pappalardo in his capacity as Trustee of the Plan.

7.      Defendants object generally to each paragraph of the Interrogatories (including the Definitions and Instructions) to the extent that it seeks production of information and/or documents that are protected by the attorney-client privilege or work-product doctrine, or that are protected by any other privilege or doctrine, or otherwise not subject to discovery under the Federal Rules of Civil Procedure.

8.      Defendants object generally to each paragraph of the Interrogatories (including the Definitions and Instructions) to the extent it seeks to impose obligations upon Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this District Court.

9.      Defendants object generally to each paragraph of the Interrogatories (including the Definitions and Instructions) to the extent that it seeks information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendants object generally to each paragraph of the Interrogatories (including the Definitions and Instructions) to the extent that it calls for the production of information and/or documents containing and/or constituting confidential or proprietary business information. Defendants will produce information and/or documents containing and/or

constituting confidential or proprietary business information subject to the terms of a Stipulation and Protective Order Governing the Confidential Treatment of Documents and Information (hereinafter, the "Protective Order") entered into by and between the parties in this litigation.

11.    Information and/or documents produced by Defendants are those located, known or discovered after a reasonable search.  Defendants reserve the right to supplement their answers if any additional responsive documents and/or information are later located or otherwise become known to Defendants.

12.    All objections, including without limitation objections as to relevance, authenticity, or admissibility, are expressly reserved.

13.    Any statement herein that Defendants will produce information and/or documents responsive to any particular Interrogatory does not constitute a representation that any such information and/or documents, or any such non-privileged information and/or documents, exist or are in Defendants' possession, custody, or control.  Nor does such a statement constitute a representation or admission that terminology or characterizations as used in the Interrogatories are accurate or that any Interrogatory is a proper subject of discovery.

## <u>RESPONSES AND OBJECTIONS TO INTERROGATORIES</u>

### <u>Interrogatory No. 1.</u>

For the period between January 1, 1996 and January 1, 2006, please identify the following information:
(a)    All criteria or rules regarding eligibility to participate in the Plan, identified separately per year.
(b)    All criteria or rules regarding terminating participation in the Plan, identified separately per year.
(c)    The number of Meditech employees who participated in the Plan, identified separately per year.
(d)    The number of vested Plan participants who terminated their participation in the Plan, identified separately per year.

(e)      The number of vested Plan participants who were required to file a claim for benefits when terminating their participation in the Plan as a condition to receiving a distribution of their benefits, identified separately per year.

(f)      The number of vested Plan participants whose interest in the Plan was terminated and who received notice of a denial or partial denial of benefits, identified separately per year. If any, please identify the reasons for each denial or partial denial.

(g)      The number of vested Plan participants who appealed from a denial or partial denial of benefits, identified separately per year. If there were any, please identify the methods or means by which each appeal was filed, the person(s) involved in reviewing each appeal, the reasons given for each appeal, and the outcome of each appeal. If any documents were used in preparing this answer, please produce all such documents pursuant to Plaintiffs' First Document Requests of this same date.

(h)      The total dollar amount, identified separately by year, paid to Plan participants who terminated participation in the Plan.

(i)      The number of participants whose share of the Plan was calculated at $1,000,000 (one million) or more at any time during their participation in the Plan and who as a consequence were asked to rollover or withdraw a part of their interest in the Plan.

(j)      All communications to current, departing and former Plan participants concerning how the assets in the Plan are valued, including but not limited to communications advising who determines the value, the valuation methodology, and the valuation amount.  If any documents were used in preparing this answer, please produce all such documents pursuant to Plaintiffs' First Document Requests of this same date.

(k)      All communications to shareholders and/or employees concerning how Meditech stock is valued, from January 1, 1996 to January 30, 2006 including but not limited to communications advising who determines the value, the valuation methodology, and the valuation amount. If any documents were used in preparing this answer, please produce all such documents pursuant to Plaintiffs' First Document Requests of this same date.

(l)      All communications to current, departing and former Plan participants between January 1, 1996 and January 1, 2006 concerning their rights to appeal any decisions related to the valuation of the assets held by the Plan or the calculation of their individual interest in the Plan.

## Response to Interrogatory No. 1.

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 1 to the extent that is seeks information and/or documents concerning persons other than Plaintiffs, and because it unduly intrudes upon the privacy of individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants state that:

(a)    Pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that constitute the criteria or rules regarding eligibility to participate in the Plan for each year requested: DEF000001-0155; DEF001524-1537.

(b)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (b) of Interrogatory No. 1 on the grounds that the phrase "terminating participation in the Plan" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that constitute the criteria or rules relating to Plan participants whose employment with Meditech terminated by reason of retirement, disability, death, or any other circumstances, during each year requested: DEF000001-0155; DEF001524-1537.

(c)    Pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that set forth the number of Meditech employees who participated in the Plan for each year requested: DEF001289-1300; DEF003533-3534; DEF000559-0606; DEF000391-0455; DEF002950-3000; DEF002723-2778; DEF002505-2555; DEF002278-2329; DEF002036-2110; DEF001780-1847; DEF001584-1624; DEF003138-3194; DEF000761-0847; DEF000607-0660; DEF000848-0988.

(d)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (d) of Interrogatory No. 1 on the grounds that the phrase

"terminat[e] … participation in the Plan" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Subject to and without waiving the foregoing objections, Defendants have attached Exhibit A in response to Paragraph (d) of Interrogatory No. 1, which is designated "Confidential – Subject to Protective Order."

(e)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (e) of Interrogatory No. 1 on the grounds that the phrases "required to file a claim," "when terminating …. Participation in the Plan" and "as a condition" are vague, ambiguous, and fail to identify with reasonable specificity what information the Plaintiffs seek.

Subject to and without waiving the foregoing objections, Defendants state that no Plan participants were required to file a claim to obtain the distribution of benefits determined by the Trustee, during each year requested.

(f)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (f) of Interrogatory No. 1 on the grounds that the phrase "whose interest in the Plan was terminated" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further object to Paragraph (f) of Interrogatory No. 1 to the extent that it seeks information concerning "the number of vested Plan participants … who received notice of a denial … of benefits" on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and that it is not limited to communications from the Defendants. In responding to Paragraph (f) of this Interrogatory Defendants will identify only communications from the Defendants.

Subject to and without waiving the foregoing objections, Defendants state that no Plan participants, whose employment with Meditech terminated by reason of retirement, disability, death, or any other circumstances, received notice of a denial or partial denial of benefits during each year requested.

(g)     Subject to and without waiving the foregoing objections, Defendants state that no Plan participants, whose employment with Meditech terminated by reason of retirement, disability, death, or any other circumstances, appealed a denial or partial denial of benefits during each year requested.

(h)     In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (h) of Interrogatory No. 1 on the grounds that the phrase "terminated participation in the Plan" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Subject to and without waiving the foregoing objections, Defendants have attached Exhibit A in response to Paragraph (h) of Interrogatory No. 1, which is designated "Confidential – Subject to Protective Order."

(i)     In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (i) of Interrogatory No. 1 on the grounds that the term "asked" and the phrases "as a consequence" and "rollover or withdraw a part of their interest in the Plan" are vague, ambiguous, and fail to identify with reasonable specificity what information the Plaintiffs seek.

Subject to and without waiving the foregoing objections, Defendants state that no Plan participants were asked to rollover or withdraw a part of their interest in the Plan during each year requested.

8

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that identify the number of participants whose share of the Plan was calculated at $1,000,000 (one million) or more at any time during their participation in the Plan during each year requested: DEF000559-0606; DEF000391-0455; DEF002950-3000; DEF002723-2778; DEF002505-2555; DEF002278-2329; DEF002036-2110; DEF001780-1847; DEF001584-1624; DEF003138-3194; DEF000761-0847; DEF000607-0660.

(j)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (j) of Interrogatory No. 1 to the extent that it seeks information concerning "[a]ll communications to current, departing and former Plan participants concerning how the assets in the Plan are valued" on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and that it is not limited to communications from the Defendants. In responding to Paragraph (j) of this Interrogatory Defendants will identify only communications from the Defendants.

Subject to and without waiving the foregoing objections, Defendants state that such information has been communicated in various ways, including through the Benefits Folder of the Meditech Office Automation System from January 1996 until the end of 1998; thereafter, through the Meditech intranet; further, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that constitute communications between the Defendants and current, departing, and former Plan participants, and where applicable, examples of such individual-specific communications, concerning how the assets in the Plan are valued during the time

9

period requested: DEF000001-0155; DEF001524-1537; DEF001388-1523; DEF001341-1387; DEF001251-1278.

(k)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (k) of Interrogatory No. 1 to the extent that it seeks information concerning "[a]ll communications to shareholders and/or employees..." on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and that it is not limited to communications from the Defendants. In responding to Paragraph (k) of this Interrogatory Defendants will identify only communications from the Defendants. Defendants further object to this Interrogatory on the grounds that the phrase "how Meditech stock is valued" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Subject to and without waiving the foregoing objections, Defendants state that certain such information is provided orally to employees at an annual meeting, open to all employees, concerning the purchase of Meditech stock by employees; further, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that constitute communications between the Defendants and current shareholders and/or employees concerning how Meditech stock is valued during the time period requested: DEF000001-0155; DEF001524-1537; DEF001157-1158; DEF001161-1162; DEF001159-1160; DEF001388-1523; DEF001163-1164. In addition, information responsive to this Interrogatory may be found in Meditech's forms 10-K and 10-Q, as well as Meditech's proxy statements, which are publicly available.

(l)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (l) of Interrogatory No. 1 to the extent that it seeks information

concerning "[a]ll communications to current, departing and former Plan participants between January 1, 1996 and January 1, 2006 concerning their rights to appeal any decisions related to the valuation of the assets held by the Plan or the calculation of their individual interest in the Plan" on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and that it is not limited to communications from the Defendants. In responding to Paragraph (l) of this Interrogatory Defendants will identify only communications from the Defendants.

Subject to and without waiving the foregoing objections, Defendants further state that each Meditech employee received a copy of the Summary Plan Description, which includes such information. In addition, each Meditech employee received an Individual Compensation Letter during each year requested, which provides information regarding the calculation of the employee's interest in the Plan.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that constitute communications, during the time period requested, between the Defendants and current, departing, and former Plan participants, and where applicable, examples of individual-specific communications, concerning their rights to appeal any decisions related to the valuation of the assets held by the Plan or the calculation of their individual interest in the Plan: DEF000001-0155; DEF001524-1537; DEF001388-1523; DEF001341-1387; DEF001040-1058; DEF001059-1156.

**Interrogatory No. 2.**

For the period between January 1, 1995 and January 1, 2006, please identify the following information:

(a)     The total property belonging to the Plan in each year, whether held by the Trust or otherwise, separately identifying the value of each asset owned by the Plan and/or its participants, whether held by the Trust or otherwise, identified separately by year.

(b)     The total yearly contributions to the Plan by the Corporation, separately identifying cash contributions as well as each asset, including stock, contributed to the Plan and the asserted value of each asset at the time of contribution.

(c)     With respect to the contribution of Meditech stock to the Plan, set forth in full every methodology employed or used by the Corporation or any other defendant to determine the value of Meditech stock at or about the time of contribution, including who was involved, the value determined, the dates upon which that methodology was employed, and identify all documents used to prepare the answer to this Interrogatory and produce same in response to Document Request Number One of even date.

(d)     Set forth the methodology employed to determine the value of each Participant's interest in the Plan, and the dates when that methodology was employed, and identify who was involved and produce and identify all documents used in preparing the answer to this Interrogatory.

(e)     As to each time when the value of Meditech stock was adjusted by any of the Defendants for any reason on or after January 1, 1995, set forth the date of each such adjustment, the person(s) involved in or responsible for the adjustment, the reason for the valuation adjustment if known, and the value assigned to the stock following the adjustment. If any documents were used in preparing this answer, please produce all such documents pursuant to Plaintiffs' First Document Requests of this same date.

(f)     Identify all regulations established pursuant to section 11.10 of the Plan. If any documents were used in preparing this answer, please produce all such documents pursuant to Plaintiffs' First Document Requests of this same date.

## Response to Interrogatory No. 2.

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 2 to the extent that it seeks information that is publicly available.

Subject to and without waiving the foregoing objections, Defendants state that:

(a)     In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (a) of Interrogatory No. 2 on the grounds that the phrase "property belonging to the Plan ... whether held by the Trust or otherwise" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.  Defendants further object to Paragraph (a) of Interrogatory No. 2 because it is based upon at least one inaccurate factual predicate.

12

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that set forth the total property belonging to the Plan for each year requested: DEF001289-1300; DEF003533-3534; DEF000848-0988.

(b)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (b) of Interrogatory No. 2 on the grounds that phrase "asserted value" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that set forth the total yearly contributions to the Plan by Meditech for each year requested:  DEF001301-1340; DEF000334-0390; DEF003535-3585; DEF002779-2839; DEF002556-2617; DEF002330-2398; DEF002111-2170; DEF001848-1917; DEF001625-1669; DEF003054-3137; DEF003298-3400; DEF000661-0760; DEF000289-0333; DEF000502-0558; DEF002840-2893; DEF002618-2671; DEF002399-2448; DEF002171-2223; DEF001918-1973; DEF001670-1733; DEF003001-3053; DEF003236-3297; DEF003463-3532.

(c)    In addition to the General Objections and specific objections above, Defendants specifically object to Paragraph (c) of Interrogatory No. 2 on the grounds that phrase "value of Meditech stock" is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that set forth the methodology employed or used by the board of directors

13

of Meditech to determine the fair market value of Meditech stock for purposes of contribution to

the Plan, for each year requested: DEF001301-1340; DEF000334-0390; DEF003535-3585;

DEF002779-2839; DEF002556-2617; DEF002330-2398; DEF002111-2170; DEF001848-1917;

DEF001625-1669; DEF003054-3137; DEF003298-3400; DEF000661-0760; DEF000289-0333;

DEF000502-0558; DEF002840-2893; DEF002618-2671; DEF002399-2448; DEF002171-2223;

DEF001918-1973; DEF001670-1733; DEF003001-3053; DEF003236-3297; DEF003463-3532;

DEF001161-1162; DEF001285-1288; DEF000999-1014; DEF000156-0240; DEF001163-1164.

(d)    Pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from

Defendants' files, subject to the terms of a Protective Order, where applicable, the following

documents, and where applicable, examples of individual-specific documents, that set forth the

methodology employed to determine the value of each Participant's interest in the Plan, for each

year requested: DEF000001-0155; DEF001524-1537; DEF001289-1300; DEF003533-3534;

DEF001301-1340; DEF001388-1523; DEF001341-1387.

(e)    In addition to the General Objections and specific objections above, Defendants

specifically object to Paragraph (e) of Interrogatory No. 2 on the grounds that that the terms

"adjusted by any of the Defendants" and "such adjustment" with respect to the "value of

Meditech stock" are vague, ambiguous, and fail to identify with reasonable specificity what

information the Plaintiffs seek, and that this Interrogatory is not answerable.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make

available from Defendants' files, subject to the terms of a Protective Order, where applicable, the

following documents that reflect the determination by the Meditech Board of Directors as to the

value of Meditech stock in connection with the annual contribution of stock to the Plan and the

sale of stock to Meditech Employees, during each year requested: DEF001301-1340;

DEF000334-0390; DEF003535-3585; DEF002779-2839; DEF002556-2617; DEF002330-2398;

DEF002111-2170; DEF001848-1917; DEF001625-1669; DEF003054-3137; DEF003298-3400;

DEF000661-0760; DEF000289-0333; DEF000502-0558; DEF002840-2893; DEF002618-2671;

DEF002399-2448; DEF002171-2223; DEF001918-1973; DEF001670-1733; DEF003001-3053;

DEF003236-3297; DEF003463-3532.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make

available from Defendants' files, subject to the terms of a Protective Order, where applicable, the

following documents that reflect the annual valuation, by the Plan's Trustee, of Meditech stock

held by the Plan, during each year requested: DEF001301-1340.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make

available from Defendants' files, subject to the terms of a Protective Order, where applicable, the

following documents that reflect the purchase of Meditech stock by the Plan: DEF001015-1025.

(f)       Pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from

Defendants' files, subject to the terms of a Protective Order, where applicable, the following

documents that constitute regulations established pursuant to section 11.10 of the Plan, for the

time period requested: DEF000001-0155; DEF001524-1537.


## Interrogatory No. 3.

State whether the value of the Meditech stock held by the Plan from January 1, 1995 to
the present was calculated using the same methodology per Plan participant per year.  If not,
state the differences and identify each document that purports to show that the valuation
methodology varied amongst participants.

## Response to Interrogatory No. 3.

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further object that this Interrogatory is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek to the extent it fails to identify which person or entity "us[ed] the same methodology per Plan participant per year."

Subject to and without waiving the foregoing objections, Defendants state that the value of Meditech stock held by the Plan is not "calculated ...per Plan participant per year."

## Interrogatory No. 4.

Describe under what circumstances Plan documents (including any version or portion of the Trust Agreement or Summary Plan Description) were distributed to participants (including departing participants or former participants), and identify for each such distribution the documents that were distributed, the person(s) responsible for distributing them, the date of distribution, the reason for the distribution, and the recipient(s) of the distribution.

## Response to Interrogatory No. 4.

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 4 on the grounds that that the term "distributed" and the phrases "the reason for the distribution" and "Plan documents" are vague, ambiguous, and fail to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is not limited to documents distributed by the Defendants.

Defendants further object to this Interrogatory to the extent that is seeks information and/or documents concerning persons other than Plaintiffs, unduly intrudes upon the privacy of

individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it fails to specify a relevant time period.

Subject to and without waiving the foregoing objections and based upon their understanding of the terms objected to above, Defendants state that the Plan's "Summary Plan Description," which includes a notice that all Plan participants are entitled to examine and to request copies of all Plan documents from the Plan administrator, is distributed to each employee upon commencement of his or her employment with Meditech. In addition, an amended Summary Plan Description was distributed to all Meditech employees during the fourth quarter of 1977. Defendants further state that a condensed description of the Plan and its annual financial report were distributed to employees annually until the end of 1996; thereafter, these documents have been distributed annually through the Meditech intranet. Additional information regarding the Plan, including a notice that all Plan participants are entitled to examine and to request copies of all Plan documents from the Plan administrator, has been distributed through the Benefits Folder of the Meditech Office Automation System from January 1996 until the end of 1998; thereafter, through the Meditech intranet. Finally, certain Plan forms are provided to Plan participants upon termination of employment with Meditech.

**Interrogatory No. 5.**

State whether the Plan had a standard document or set of documents that were provided in the normal course to participants at or near the time that the participant terminated his or her participation in the Plan from January 1, 1996 through January 1, 2006. If so, identify each such

document. If not, identify the document(s) that were so distributed and identify and explain all differences between the documents or sets of documents per recipient.

**<u>Response to Interrogatory No. 5.</u>**

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 5 on the grounds that the phrases "standard document or set of documents" and "in the normal course" are vague, ambiguous, and fail to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further object to this Interrogatory to the extent that is seeks information and/or documents concerning persons other than Plaintiffs, unduly intrudes upon the privacy of individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Interrogatory on the grounds that it seeks information concerning "all differences between the documents or sets of documents per recipient," on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants state that the documents provided to each Plan participant upon termination of his or her employment with Meditech have been standard in form during each year requested, except that such documents contain individual-specific personal financial data and individualized calculations and/or additional individual-specific information relating to the manner in which the participant's employment terminated (<u>e.g.</u>, retirement, disability, death, or otherwise).

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following examples of such documents during each year requested: DEF001040-1156.

18

**Interrogatory No. 6.**

State the name, current address and title, and years of involvement of those individuals who had any role in deciding valuation issues pertaining to the Plan or any assets held by the Plan between January 1, 1995 and the present.

**Response to Interrogatory No. 6.**

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 6 on the grounds that the phrases "years of involvement" and "any role in deciding valuation issues pertaining to the Plan or any assets held by the Plan" are vague, ambiguous, and fail to identify with reasonable specificity what information the Plaintiffs seek.

Defendants further object to this Interrogatory to the extent that it seeks information and/or documents concerning persons other than Plaintiffs, unduly intrudes upon the privacy of individuals, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants state that A. Neil Pappalardo, in his capacity as the Trustee of the Plan, having an address at Meditech Circle, Westwood, MA, 02090, is the only person who had any role in deciding valuation issues pertaining to the Plan or any assets held by the Plan between January 1, 1995 and the present. Mr. Pappalardo has been Trustee of the Plan since the Plan's inception in 1973.

**Interrogatory No. 7.**

Describe the role, duties and title of the following individuals with regard to the Plan since January 1, 1995 and give their current or last known home and business addresses:

A. Neil Pappalardo
Lawrence Polimeno
Edward B. Roberts
Roland L. Driscoll
Morton E. Ruderman
L.P. Dan Valente
Howard Messing
Barbara Manzolillo

Dr. Jerome H. Grossman
Curt Marble

## Response to Interrogatory No. 7.

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, and fails to identify with reasonable specificity what information the Plaintiffs seek.

Subject to and without waiving the foregoing objections, Defendants state that A. Neil Pappalardo is the Trustee of the Plan but not a participant, whose obligations are set forth in the Plan. Mr. Pappalardo resides at 10 Rowes Wharf, Boston, Massachusetts 02110. Barbara Manzolillo is the Plan Administrator of the Plan and a participant, whose obligations are set forth in the Plan. Ms. Manzolillo resides at 43 Mount Vernon Street, Boston, Massachusetts 02108. Mr. Pappalardo and Ms. Manzolillo are currently employed by Meditech, whose mailing address is: Meditech Circle, Westwood, Massachusetts 02090.

Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following documents that set forth the duties of the Trustee and Plan Administrator of the Plan: DEF000001-0155; DEF001524-1537.

Defendants further state that the remaining individuals listed in this Interrogatory had no role, duties, or title with regard to the Plan during each year requested.

## Interrogatory No. 8.

Identify all communications with the Department of Labor concerning the value of Meditech stock in the Plan.

20

**<u>Response to Interrogatory No. 8.</u>**

In addition to the General Objections above, Defendants specifically object to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence

Defendants further object to Interrogatory No. 8 on the ground that it is outside the scope of discovery approved by the Court for this phase of discovery.

Defendants further object to this Interrogatory to the extent it seeks information that is publicly available.

Subject to and without waiving the foregoing objections, Defendants further state that, pursuant to Fed. R. Civ. P. 33(d), Defendants will make available from Defendants' files, subject to the terms of a Protective Order, where applicable, the following written communications between the Defendants and the Department of Labor: DEF001165-1250, DEF001026-1036.

As to all Interrogatories,

I verify under penalty of perjury that the foregoing is true and correct.

A. Neil Pappalardo
Chairman & Chief Executive Officer,
Medical Information Technology, Inc.
Trustee,
Medical Information Technology, Inc.
   Profit Sharing Plan
Meditech Circle
Westwood, MA 02090

Dated: June 5, 2006

As to Objections,

MEDICAL INFORMATION TECHNOLOGY,
INC. PROFIT SHARING PLAN, MEDICAL
INFORMATION TECHNOLOGY, INC., and A.
NEIL PAPPALARDO

By their attorneys,

/s/ Stephen D. Poss, P.C.
Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: June 5, 2006

## CERTIFICATE OF SERVICE

I, Kevin P. Martin, hereby certify that I have on this 5th day of June, 2006, caused the above document to be served by First Class Mail upon all counsel of record.

/s/  Kevin P. Martin
Kevin P. Martin

Exhibit A

## HUBERT LITIGATION: Interrogatories 1(d) and (h)
### Membership Counts and Total Dollar Amounts for Payouts Since 1996

| Member # | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | 1997 | 1996 | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| < $200.  1) | | 32 | 50 | 12 | 5 | 18 | 30 | 29 | 29 | 32 | 30 | 267 |
| > $200 | | 122 | 84 | 51 | 66 | 119 | 174 | 106 | 106 | 85 | 67 | 980 |
| D or R | | 0 | 2 | 1 | 2 | 1 | 0 | 0 | 0 | 0 | 0 | 6 |
| TOTAL | 0 | 154 | 136 | 64 | 73 | 138 | 204 | 135 | 135 | 117 | 97 | 1,253 |
| QDRO  2) | | 2 | 2 | 1 | 0 | 1 | 1 | 2 | 0 | 0 | 0 | 8 |
| LSW  3) | | 24 | 21 | 15 | 16 | 16 | 16 | 6 | 0 | 0 | 0 | 114 |
| D or R #2  4) | | 3 | 1 | 1 | 1 | | | | | | | 6 |

TOTAL # of PAYMENTS MADE = 1,381

| Member $ | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | 1997 | 1996 | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| < $200.  1) | | 5,030 | 4,965 | 1,305 | 619 | 2,778 | 3,954 | 3,266 | 5,003 | 5,469 | 2,788 | 35,176 |
| > $200 | | 4,684,250 | 2,851,845 | 2,005,198 | 2,398,068 | 3,118,244 | 4,548,733 | 2,609,329 | 4,772,561 | 2,105,816 | 2,209,778 | 31,303,821 |
| D or R | | 0 | 117,506 | 121,271 | 19,003 | 9,068 | | | | | | 266,849 |
| TOTAL | 0 | 4,689,280 | 2,974,316 | 2,127,774 | 2,417,691 | 3,130,089 | 4,552,687 | 2,612,595 | 4,777,565 | 2,111,284 | 2,212,565 | 31,605,846 |
| QDRO  2) | | 51,275 | 39,637 | 27,967 | 0 | 772,304 | 252,090 | 357,574 | 0 | 0 | 0 | 1,500,847 |
| LSW  3) | | 3,966,267 | 3,887,475 | 3,231,977 | 2,636,145 | 2,033,962 | 8,905,339 | 4,140,454 | 0 | 0 | 0 | 28,801,619 |
| D or R #2  4) | | 1,898 | 1,034 | 243 | 2,341 | | | | | | | 5,516 |
| GRAND TOTAL | 0 | 8,708,720 | 6,902,462 | 5,387,961 | 5,056,177 | 5,936,356 | 13,710,116 | 7,110,623 | 4,777,565 | 2,111,284 | 2,212,565 | 61,913,828 |

GRAND TOTAL: 61,913,828

1) Deceased or Retired member's - #1 Lump-Sum Payout: in year of death/retirement, of their 12/31 (prior to death/retirement) Account Balance.
2) Qualified Domestic Relations Order - Lump-Sum Payout to alternative payee (ie spouse in divorce settlement) amount as decided by presiding judge
3) In Service Withdrawal - Allowable withdrawals: for Hardship needs or by request by 20+ year members.
4) Deceased or Retired member's - #2 and final Lump-Sum Payout: in the year following death/retirement, for their portion of the year's Contribution/Forfeiture allocation allowable on their eligible W-2 earnings in the year of death/retirement.

Confidential – Subject to Protective Order



A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

1

```
 1            UNITED STATES DISTRICT COURT

 2              DISTRICT OF MASSACHUSETTS

 3

 4                          Civil Case No. O5-10269-RWZ

 5

 6

 7  * * * * * * * * * * * * * * * * * * * * * * * )

 8  MICHAEL P. HUBERT, WILLIAM TRAINOR,          )

 9  AND DAVID HINCHLIFFE, INDIVIDUALLY AND       )

10  ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, )

11             Plaintiffs                        )

    vs.

12                                               )

13  MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING )

14  PLAN, MEDICAL INFORMATION TECHNOLOGY, INC.,  )

15  A. NEIL PAPPALARDO, LAWRENCE A. POLIMENO,    )

16  ROLAND L. DRISCOLL, EDWARD B. ROBERTS,       )

17  MORTON E. RUDERMAN, AND L.P. DAN VALENTE,    )

18             Defendants.                       )

19  * * * * * * * * * * * * * * * * * * * * * * * )

20

21

22

23

24
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

2

1

2          DEPOSITION OF: A. NEIL PAPPALARDO, a witness in the

3     above-entitled cause, taken before CINDY BERGLUND, CSR,

4     Registered Professional Reporter and Notary Public pursuant

5     to the applicable provisions of the Massachusetts Rules of

6     Civil Procedure, at the offices of DWYER & COLLORA, LLP, 600

7     Atlantic Avenue, Boston, MA  02210, on the 21st day of JULY,

8     2006, commencing at 10:06 A.M.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

3

```
 1     APPEARANCES:
 2

       REPRESENTING THE PLAINTIFFS:
 3

 4     DWYER & COLLORA, LLP

 5     600 Atlantic Avenue

 6     Boston, MA   02210

 7     (617) 371-1000

 8     BY: MICHAEL COLLORA, ESQ.

 9        SARA NOONAN, ESQ.

10

11     REPRESENTING THE DEFENDANTS:

12     GOODWIN PROCTER

13     Exchange Place

14     Boston, MA 02109

15     (617) 570-1000

16     BY:  STEPHEN D. POSS, P.C.

       MICHAEL P. SUGRUE, ESQ.

17

18

19

20

21

22

23

24
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

158

```
 1      A.   The second report?

 2      Q.   Yes, beginning DEF 289.  And --

 3      A.   I don't have a DEF 289.

 4           ATTY. POSS:  The second one says DEF 559.

 5      Q.   Do you have one --

 6           ATTY. POSS:  The third one says DEF 289.

 7           ATTY. COLLORA:  Sorry, it's out of order.

 8      Q.   Do you have that one?

 9      A.   Which one do you want me to look at?  The one that

10      says 289?

11      Q.   Right.

12      A.   I have it now.

13      Q.   Okay.  I represent to you this is your report to

14      the board for the meeting of October 23, 1995.

15           ATTY. POSS:  Actually, it's the chairman's

16      comments from his report to the board.

17           THE WITNESS:  It's actually the title page

18      followed by the chairman's comments.

19      Q.   Right.

20      A.   Including some other information beyond my

21      comments.

22      Q.   With respect to DEF Page 295, do you see at the

23      bottom it says, Valuation of Meditech stock?

24      A.   Yes, I do.
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

159

1    Q.    Then it says, quote, "As in the past years, it is

2    necessary for the Board to fix the fair market value of

3    Meditech stock in anticipation of a contribution of

4    stock to the trust or in contemplation of a sale of

5    stock to employees or directors.  We furnish the

6    following information as an aide to the valuation."

7    Who is the we -- is the "we" you?

8    A.    Yes.

9    Q.    Okay.  The next page about the first half of it is

10   certain financial information, is it fair to say?

11   A.    Yes.

12   Q.    For purposes of this vote by the board, do they

13   have any other financial information other than what

14   you've just furnished them in this comment?

15   A.    Are you talking specifically this year?

16   Q.    This year or any other year?

17   A.    Yes.

18   Q.    What else would they have?

19   A.    I would have various information that I would

20   present on the blackboard or on slides or sometimes

21   just verbally.

22   Q.    All right.  So in this example, you relate to them

23   the 1994 earnings, the year-end market value set the

24   previous year?

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

160

```
1        A.    No.   I'm sorry, that was the year-end book value.

2        The top line you said -- you said the earnings from

3        last year and -- so I thought you were going to

4        continue that sentence.

5        Q.    And actual book value?

6        A.    Right.

7        Q.    And then you furnished them with the year-end fair

8        market value that was previously set, right?

9        A.    Yes.

10       Q.    You indicate to them the current annual dividend

11       rate?

12       A.    Yes.

13       Q.    Some purchases by the trust in the year in

14       question?

15       A.    In this particular case it was purchases by the

16       trust, but it would be a recitation with all purchases

17       that took place if that happened during that year.

18       This one, as it says, includes not only what the trust

19       did from six shareholders, so there doesn't appear to

20       be anything in those dates, any other sales.

21       Q.    And then you give them the estimates of what the

22       earnings might be per share and the estimated book

23       value?

24       A.    Yes.
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

161

1    Q.    And then you say, quote, "Based on prior

2    evaluation practices we recommend fixing the fair

3    market value at $20 per share effective on December 31,

4    1995."

5    A.    Correct.

6    Q.    Was the prior evaluation practice referred to in

7    writing?

8    A.    Here in this document?

9    Q.    In any document?

10        ATTY. POSS:  Objection.

11    Q.    Was there a practice which you referred to as

12    prior which was in writing?

13    A.    Was it in writing?

14        ATTY. POSS:  Objection.  The question doesn't

15    make any sense to me.

16        THE WITNESS:  I don't know what you mean by

17    practice.  If you said was the methodology fully

18    explained and agreed to by the directors prior to this,

19    I would have said absolutely, yes.

20    Q.    Was that methodology as agreed to by the board of

21    directors in writing; that is, was it set forth in

22    writing anywhere?

23    A.    I'm sure I had written it down at some point and

24    I'm sure I had over the years since everybody was