UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>        Defendants. | Civil Action No. 05-10269RWZ |

**AFFIDAVIT OF MICHAEL P. SUGRUE
IN SUPPORT OF DEFENDANTS' OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR RECONSIDERATION</u>**

I, Michael P. Sugrue, depose and state as follows:

1.      I am an attorney admitted to practice in the Commonwealth of Massachusetts. I am an associate at Goodwin Procter LLP, counsel for Defendants Medical Information Technology, Inc. Profit Sharing Plan (the "Plan"), Medical Information Technology, Inc. ("Meditech" or the "Company") and A. Neil Pappalardo ("Pappalardo," and together with the Plan and Meditech, the "Defendants") in this matter.

2.      I make this affidavit in support of Defendants' Opposition to Plaintiffs' Motion for Reconsideration.

3.      I have personal knowledge of the matters described in this Affidavit.

**<u>Documents Attached to the Collora Affidavit</u>**

4.      On April 2, 2007, Plaintiffs Michael Hubert, David Hinchliffe and William Trainor (together, the "Plaintiffs") filed a Motion for Reconsideration of Denial of Class Certification ("Motion for Reconsideration").

5.      In support of their Motion for Reconsideration, Plaintiffs submit twelve documents (i.e., Tabs A – L) as exhibits to the attorney's Affidavit of Michael A. Collora (the "Collora Affidavit").

6.      At Tab A of the Collora Affidavit, Plaintiffs attach a "… copy of a Form 5500 for the year 2004 as filed by Meditech's Trust Plan Administrator with the Department of Labor," which is bates-labeled DEF 00971-985.  *See* Collora Affidavit, ¶ 2.  Defendants produced this document on June 8, 2006 in response to Plaintiffs' First Request for Production of Documents.  Attached hereto as Exhibit A is a true and accurate copy of a transmittal letter from Michael P. Sugrue to Michael A. Collora dated June 8, 2006, enclosing documents bates-labeled DEF 000001-003585.

7.      At Tab B of the Collora Affidavit, Plaintiffs attach excerpts from the July 21, 2006 deposition of A. Neil Pappalardo, the Chairman and Chief Executive Officer of Meditech, pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Pappalardo Deposition").   The Pappalardo deposition took place nearly one month before Plaintiffs filed their Motion for Class Certification on August 15, 2006.  Plaintiffs had available to them, but did not submit, pages 80-82 of the Pappalardo Deposition transcript as an exhibit to their Motion for Class Certification.

8.      At Tab C of the Collora Affidavit, Plaintiffs attach excerpts from the August 8, 2006 deposition of Barbara Manzolillo, Meditech's Chief Financial Officer (the "Manzolillo Deposition").  No excerpts from the Manzolillo Deposition were included as exhibits to either

Plaintiffs Motion for Class Certification or Plaintiffs' Reply to Defendants' Opposition to Plaintiffs Motion for Class Certification.

9.     At Tab D of the Collora Affidavit, Plaintiffs attach "… a chart of the price to earnings ratios of Meditech from 1996-2005 prepared from Meditech's 10K's filed with the SEC… ." *See* Collora Affidavit, ¶ 4.  Meditech's Forms 10-K were publicly-available, and Defendants also produced all annual reports covering the period of 1996-2005 on June 12, 2006 in response to Plaintiffs' First Request for Production of Documents, at documents bates-labeled DEF 003586-3703, DEF 004288-4475.  Attached hereto as Exhibit B is a true and accurate copy of a transmittal letter from Sergio A. Campos to Michael A. Collora dated June 12, 2006, enclosing documents bates-labeled DEF 003586-4939.

10.     Included in Defendants' production in this action were documents produced during discovery in *Grossman v. Medical Information Technology, Inc. et al.*, No. 03-1872-BLS2 (Mass. Super.) (the "Grossman Case"), an earlier state-court litigation between defendants Meditech and Mr. Pappalardo and a third party, Jerome Grossman (the "Grossman Litigation").

11.     At Tab E of the Collora Affidavit, Plaintiffs attach a putative expert valuation report prepared by Robert F. Reilly of Willamette Associates on behalf of the plaintiff in the Grossman Case (the "Willamette Report"), which is bates-labeled DEF 005245-5443. Defendants produced the Willamette Report on June 16, 2006 in response to Plaintiffs' First Request for Production of Documents.  Attached hereto as Exhibit C is a true and accurate copy of a transmittal letter from Sergio J. Campos to Michael A. Collora dated June 16, 2006, enclosing, documents bates-labeled DEF 0004940-5443.

12.     At Tabs F through I of the Collora Affidavit, Plaintiffs attach a number of "Valuation Comparisons."  *See* Collora Affidavit, ¶ 6.  As stated in the Collora Affidavit, these

materials "…were prepared with information from…" the Willamette Report, which was produced to Plaintiffs on June 16, 2006, and with "…figures from the Amended Complaint." *See* Collora Affidavit, ¶ 6.

13.     At Tab K of the Collora Affidavit, Plaintiffs attach excerpts from various reports prepared for the Meditech Board of Directors, which are bates-labeled DEF 002399, DEF 002407, DEF 002330, DEF 002343-2344, DEF 001848, and DEF 001859-1863. S*ee* Collora Affidavit, ¶ 8. Defendants produced these materials on June 8, 2006 in response to Plaintiffs' First Request for Production of Documents. Further, the documents attached at Tab K were also identified by Plaintiffs as an exhibit to the July 21, 2006 Pappalardo Deposition. Attached hereto as Exhibit D is a true and accurate copy of excerpts from the Pappalardo Deposition transcript, which reflect that the documents attached as Tab K to the Collora Affidavit were included among the documents identified as Exhibit 19 during the Pappalardo Deposition.

### Documents Submitted in Support of Defendants' Opposition Brief

14.     Defendants' June 8, 2006 production included, at documents bates-labeled DEF00156-240, a putative expert valuation report prepared by Rick S. Nathan and Christopher C. Barry of PriceWaterHouseCoopers P.C. (the "PWC Report") on behalf of defendants in the Grossman Case.

15.     Attached as Exhibit E is a true and accurate copy of the PWC Report, bates-labeled DEF00156-240, as produced by Defendants in this action on June 8, 2006.

16.     Attached as Exhibit F is a true and accurate copy of a letter from Stephen D. Poss, P.C. to the Honorable Rya W. Zobel dated February 9, 2006.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

May 1, 2007.


/s/  Michael P. Sugrue
Michael P. Sugrue


**CERTIFICATE OF SERVICE**


I, Michael P. Sugrue, hereby certify that I caused a true copy of the above document to be served upon the counsel of record for each other party via this Court's ECF System on May 1, 2007.

/s/  Michael P. Sugrue
Michael P. Sugrue

# Exhibit A

GOODWIN⎪PROCTER

Michael P. Sugrue
617.570.8298
msugrue@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 8, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,**
       **USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed documents Bates-labeled DEF 000001-003585, which are responsive to Plaintiffs' First Request for Production of Documents, subject to the objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential – Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order." Per the parties' agreement, documents exchanged in discovery in this action shall be treated in accordance with the draft Stipulation and Order Governing the Production and Exchange of Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5, 2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, as I discussed with Sara Noonan earlier today, we are sending these materials based on the representation that Plaintiffs will pay for duplicating expenses.  We will send an invoice for the copying shortly.  Further, we expect to produce additional responsive materials over the next few days.

Sincerely yours,

Michael P. Sugrue

Enclosures

cc:  Stephen D. Poss, P.C. (w/o enclosures)
     Kevin P. Martin (w/o enclosures)

# Exhibit B

GOODWIN | PROCTER

Sergio J. Campos
617.570.1618
scampos@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 12, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,
         USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 003586-004939, which are being produced in response to Plaintiffs' First Request for Production of Documents, subject to the objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential – Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order." Per the parties' agreement, documents exchanged in discovery in this action shall be treated in accordance with the draft Stipulation and Order Governing the Production and Exchange of Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5, 2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, we are sending these materials based on the representation that Plaintiffs will pay for duplicating expenses.  We will send an invoice for the copying shortly.

Please note that certain materials enclosed herewith are responsive to Request No. 11, which calls for the production of "[a]ll documents produced and/or exchanged between the parties in the matter of *Grossman* v. *Medical Information Technology, Inc., et al.* concerning the valuation of Meditech stock . . . ."  We note, so that there is no confusion, that additional documents that may relate to the valuation of Meditech stock were produced by *non*-parties to the Grossman litigation, and thus are not responsive to Request No. 11.

GOODWIN | PROCTER

Michael A. Collora, Esq.
June 12, 2006
Page 2


We expect to provide copies of some additional documents within the next few days.

Sincerely,

Sergio J. Campos

Enclosures

cc:    Stephen D. Poss, P.C.
       Kevin P. Martin, Esq.



GOODWIN | PROCTER

Sergio J. Campos
617.570.1618
scampos@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 16, 2006

**By Hand**

Michael A. Collora, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,**
       **USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Mr. Collora:

Please find enclosed additional documents Bates-labeled DEF 004940-005443, which are being
produced in response to Plaintiffs' First Request for Production of Documents, subject to the
objections stated in Defendants' response thereto.

Please note that we have designated certain documents, to the extent applicable, as "Confidential
– Subject to Protective Order" or "Confidential/Attorneys – Subject to Protective Order."  Per
the parties' agreement, documents exchanged in discovery in this action shall be treated in
accordance with the draft Stipulation and Order Governing the Production and Exchange of
Confidential Information sent by Stephen D. Poss, P.C., to Michael Collora, Esq., on May 5,
2006, pending further agreement on the terms of a protective order or further order of the Court.

In an effort to speed the production of documents to Plaintiffs, we are sending these materials
based on the representation that Plaintiffs will pay for duplicating expenses.  We will send an
invoice for the copying shortly.

Please note that certain materials enclosed herewith are responsive to Request No. 11, which
calls for the production of "[a]ll documents produced and/or exchanged between the parties
in the matter of *Grossman* v. *Medical Information Technology, Inc., et al.* concerning the valuation
of Meditech stock . . . ."  We note, so that there is no confusion, that additional documents that
may relate to the valuation of Meditech stock were produced by *non*-parties to the Grossman
litigation, and thus are not responsive to Request No. 11.

GOODWIN | PROCTER

Michael A. Collora, Esq.
June 16, 2006
Page 2

We expect to provide copies of some additional documents within the next few days.

Sincerely,

Sergio J. Campos

Enclosures

cc:     Stephen D. Poss, P.C.
        Kevin P. Martin, Esq.

# Exhibit D

# O'BRIEN&LEVINE

## Court Reporting Services



**YOUR BOSTON CONNECTION...WORLDWIDE**

# Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

Transcript of the Testimony of:

# A. Neil Pappalardo

# July 21, 2006

www.court-reporting.com
mail@court-reporting.com

**195 State Street**
**Boston, MA 02109**
**(617) 399-0130  888.825.DEPO(3376)**



Cindy Berglund   1-20274

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

1

```
 1              UNITED STATES DISTRICT COURT

 2              DISTRICT OF MASSACHUSETTS

 3

 4                          Civil Case No. O5-10269-RWZ

 5

 6

 7   * * * * * * * * * * * * * * * * * * * * * * * )

 8   MICHAEL P. HUBERT, WILLIAM TRAINOR,         )

 9   AND DAVID HINCHLIFFE, INDIVIDUALLY AND      )

10   ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, )

11                  Plaintiffs                    )

     vs.

12                                               )

13   MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING )

14   PLAN, MEDICAL INFORMATION TECHNOLOGY, INC.,  )

15   A. NEIL PAPPALARDO, LAWRENCE A. POLIMENO,    )

16   ROLAND L. DRISCOLL, EDWARD B. ROBERTS,       )

17   MORTON E. RUDERMAN, AND L.P. DAN VALENTE,    )

18                  Defendants.                   )

19   * * * * * * * * * * * * * * * * * * * * * * * )

20

21

22

23

24
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

2

1

2          DEPOSITION OF: A. NEIL PAPPALARDO, a witness in the

3     above-entitled cause, taken before CINDY BERGLUND, CSR,

4     Registered Professional Reporter and Notary Public pursuant

5     to the applicable provisions of the Massachusetts Rules of

6     Civil Procedure, at the offices of DWYER & COLLORA, LLP, 600

7     Atlantic Avenue, Boston, MA  02210, on the 21st day of JULY,

8     2006, commencing at 10:06 A.M.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

3

1    APPEARANCES:

2

     REPRESENTING THE PLAINTIFFS:

3

4    DWYER & COLLORA, LLP

5    600 Atlantic Avenue

6    Boston, MA  02210

7    (617) 371-1000

8    BY: MICHAEL COLLORA, ESQ.

9        SARA NOONAN, ESQ.

10

11   REPRESENTING THE DEFENDANTS:

12   GOODWIN PROCTER

13   Exchange Place

14   Boston, MA 02109

15   (617) 570-1000

16   BY:  STEPHEN D. POSS, P.C.

     MICHAEL P. SUGRUE, ESQ.

17

18

19

20

21

22

23

24

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

4

```
 1                   I N D E X

 2                        Direct   Cross    Redirect  Recross

 3

 4  Witness: A. NEIL PAPPALARDO

 5  BY ATTY. COLLORA:         11

 6

 7

 8                  E X H I B I T S

 9                                            PAGE

10  1,   5/26/06  Notice of Deposition       15

11

12  2,   6/5/06 Defendant's Response to Plaintiff's   20

13       Initial Set of Interrogatories

14

15  3,   Summary Plan Description of Meditech as   25

16       amended through 8/1/83

17

18  4,   Meditech Profit Sharing Plan, Amended   29

19       and Restated Trust Agreement as of 1/1/89

20

21  5,   Summary Plan Description of the Meditech   43

22       Profit Sharing Plan, Plan Amended and Restated

23       as of 1/1/89

24
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

5

```
 1    6,    Meditech Profit Sharing  Plan, Amended      52
 2          and Restated Trust Agreement as of 1/1/98

 3

 4    7,    2/23/99 First Amendment of Meditech         58
 5          Profit Sharing Plan and Trust

 6

 7    8,    12/30/02 Second Amendment to Meditech       58
 8          Profit Sharing Plan and Trust

 9

10    9,    1/1/98 Summary Plan Description of          64
11          Meditech Profit Sharing Plan

12

13   10,    1/97-1/06 Meditech letters re: company      69
14          financial information and employee compensation
15          DEF001389-390; DEF001396-401; DEF1406-410;
16          DEF0011420-428; DEF001434-442; DEF001448-455;
17          DEF001462-468; DEF001473-478; DEF001487-492;
18          DEF001503-504; DEF001511-512; DEF001505-506

19

20   11,    1/31/97 Meditech letters re:                72
21          employee compensation; DEF001344-349

22

23   12,    1196-2004 Meditech Profit Sharing           82
24          Trust Financial Reports; DEF001393-395;
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

6

```
 1          DEF001302-404; DEF001415-418; DEF001429-433;

 2          DEF001443-447; DEF001456-461; DEF001469-472;

 3          DEF001479-483; DEF001493-497; DEF001507-510

 4

 5   13,    1/30/04 Meditech letters re: employee          100

 6          compensation; DEF001372-377

 7

 8   14,    1196-2005 Meditech Annual Return/Report        103

 9          of Employee Benefit Plan Form 5500s;

10          DEF000848-998

11

12   15,    5/96-3/05 Meditech letters re: Profit          116

13          Sharing Plans; DEF001059-104; DEF001120;

14          DEF001125

15

16   16,    1998 Meditech letters and benefit              134

17          forms re: David Hinchliffe;

18          DEF 001341; DEF001051-057

19

20   17,    1998 Meditech letters and benefit              140

21          forms re: William Trainor;

22          DEF 0001047-050; DEF001045-046

23

24   18,    2004 Meditech letters and benefit              142
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

7

```
 1        forms re: Michael Hubert;

 2        DEF001040-044; DEF004497-498

 3

 4    19, 1995-2006 Meditech Reports to the Board of        155

 5        Directors; DEF000241; DEF000251-254; DEF000289;

 6        DEF000295-299; DEF000559; DEF000570-574; DEF000334;

 7        DEF000343-352; DEF000391; DEF000398-402; DEF000456;

 8        DEF000465-468; DEF000502; DEF0005110518; DEF003535;

 9        DEF3542-547; DEF002950; DEF002958-963; DEF002894;

10        DEF002907-910; DEF002840; DEF002848-853; DEF002779;

11        DEF002792-799; DEF002723; DEF002732-737; DEF002672;

12        DEF002682-685; DEF002618; DEF002626-2630; DEF002556;

13        DEF002567-574; DEF002505; DEF002514-519; DEF002449;

14        DEF002459-462; DEF002399; DEF002406-410; DEF002278;

15        DEF002287-292; DEF002330; DEF002340-350; DEF002224;

16        DEF002234-237; DEF002179-183; DEF002111; DEF002120-125;

17        DEF002036; DEF002045-050; DEF001974; DEF001986-989;

18        DEF001918; DEF001925-929; DEF001848; DEF001859-867;

19        DEF001780; DEF001793-798; DEF001734; DEF001742-745;

20        DEF001670P DEF001678-684; DEF001625; DEF001633-638;

21        DEF001538; DEF001548-549; DEF003001; DEF003007-013;

22        DEF003054; DEF003060-066; DEF003138; DEF003146-157;

23        DEF003195; DEF003203-205; DEF003236; DEF003245-351;

24        DEF003298; DEF003305-311; DEF000761; DEF000769-774;
```

A. Neil Pappalardo 7-21-2006
Michael P. Hubert, et al. v. Medical Information Technology Profit Sharing Plan, et al.

8

```
 1        DEF003401; DEF003407-411; DEF003463; DEF003469-477;

 2        DEF000661; DEF000669-676; DEF000607; DEF000615-620

 3

 4   20, 12/31/96 Memo from Pappalardo to Manzolillo    196

 5        re: Annual Valuation of the Trust's Assets;

 6        DEF 001337-340

 7

 8   21, 1/2/98 Memo from Pappalardo to Manzolillo     198

 9        re: Annual Valuation of the Trust's Assets;

10        DEF001333-336

11

12   22, 1/5/99 Memo from Pappalardo to Manzolillo     200

13        re: Annual Valuation of the Trust's Assets for

14        12/31/98; DEF001329-332

15

16   23, 1/5/00 Memo from Pappalardo to Manzolillo     201

17        re: Annual Valuation of the Trust's Assets

18        for 12/31/99; DEF001326-328

19

20   24, 12/29/00 Memo from Pappalardo to Manzolillo   201

21        re: Annual Valuation of the Trust's Assets for

22        12/31/00; DEF001321-325

23

24   25, 12/31/01 Memo from Pappalardo to Manzolillo   201
```

# Exhibit E

Document
Sealed

# Exhibit F

GOODWIN | PROCTER

Stephen D. Poss, P.C.
617-570-1886
sposs@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

February 9, 2006

**Via Regular Mail**

The Honorable Rya W. Zobel
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 6110
Boston, MA 02210

Re:    **Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al.,**
       **USDC, D. Mass., Civil Action No. 05-CV-10269 RWZ**

Dear Judge Zobel:

This firm represents the Defendants in the above-captioned matter. I am writing to inform you
of a new development pertinent to the Defendants' pending motions to dismiss the action.

The Plaintiffs, in their Amended Complaint, in their oppositions to Defendants' motions to
dismiss, and at oral argument on the motions to dismiss, referred to a lawsuit filed in
Massachusetts Superior Court by a non-party to this litigation, Jerome Grossman, against
Medical Information Technology, Inc. and five of the six individual Defendants in this case (the
"Grossman Litigation"). In that case, Grossman, like Plaintiffs here, claimed that the defendants
assigned an artificially-low value to shares of non-publicly traded Meditech stock. Throughout
this litigation, Plaintiffs have sought to use the existence of the Grossman Litigation to buttress
their allegations against Defendants. Indeed, Plaintiffs even appended a copy of Grossman's
state court complaint as Exhibit C to their Amended Complaint in this Court.

Given Plaintiffs' repeated attempts to rely on the pendency of the Grossman Litigation, we are
writing to inform the Court that the Grossman Litigation has been settled and dismissed with
prejudice. A copy of the stipulation of dismissal is enclosed. The settlement agreement (a copy
of which we would be happy to provide to the Court upon request), under which Grossman
agrees to release any claims he brought or could have brought against Defendants, does not
provide for Meditech or any other Defendant to make any payment to Grossman, nor does it call
for Meditech to make any changes to the method it uses in determining the value of Meditech
stock. Meditech's principal obligations under the terms of the settlement are only to continue
providing Grossman (a former member of the Meditech board) with board reports and certain

GOODWIN | PROCTER

Judge Rya W. Zobel
February 9, 2006
Page 2

other company information, and to meet with potential purchasers Grossman might find for his stock.

Settlement on such terms – following almost three years of costly litigation (Grossman was represented by Wilmer Cutler Pickering Hale & Dorr) – confirms that to whatever extent the claims in the Plaintiffs' Amended Complaint rely upon the allegations made by Grossman in his separate litigation, such reliance is wholly unwarranted.

Respectfully yours,


/s/ Stephen D. Poss, P.C.


Stephen D. Poss, P.C.

Enclosure

cc:     Michael A. Collora, Esq.
        Kevin P. Martin, Esq.

LIBA/1668279.2

2



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                     SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT

| | |
|---|---|
| DR. JEROME H. GROSSMAN,      ) | |
|         ) | |
|      Plaintiff,         ) | |
|         ) | |
|      v.         ) | |
|         ) | Civil Action No. 03-1872-BLS2 |
| MEDICAL INFORMATION TECHNOLOGY, ) | (Judge Gants) |
| INC., A. NEIL PAPPALARDO, EDWARD B. ) | |
| ROBERTS, MORTON E. RUDERMAN,      ) | |
| ROLAND L. DRISCOLL, AND LAWRENCE ) | |
| A. POLIMENO         ) | |
|         ) | |
|      Defendants.         ) | |

RECEIVED

JAN 9 2006

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Mass.R.Civ.P. 41(a)(1)(ii), all parties to this Action hereby stipulate to the

dismissal with prejudice of all claims that were or could have been brought by Dr. Jerome H.

Grossman, each side to bear its own costs and attorneys' fees and waiving all rights of appeal.

DR. JEROME H. GROSSMAN

By his attorneys,

_Jeffrey B. Rudman_

Jeffrey B. Rudman (BBO # 433380)
Mark D. Selwyn (BBO # 565595)
Gabrielle Wolohojian (BBO # 555704)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617.526.6000

MEDICAL INFORMATION
TECHNOLOGY, INC., A. NEIL
PAPPALARDO, EDWARD B. ROBERTS,
MORTON E. RUDERMAN, ROLAND L.
DRISCOLL, AND LAWRENCE A.
POLIMENO

By their attorneys,

_Stephen D. Poss_

Stephen D. Poss, P.C. (BBO # 551760)
Kevin P. Martin (BBO # 655222)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

16