**Dwyer & Collora, LLP**

600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Telephone (617) 371-1002
Fax (617) 371-1037
www.dwyercollora.com



**Michael A. Collora**
mcollora@dwyercollora.com

<u>Hand Delivery</u>

The Honorable Judge Rya W. Zobel
John Joseph U.S. Moakley Courthouse
1 Courthouse Way Suite 6110
Boston, MA 02210

    Re:    Michael P. Hubert v. Medical Information Technology Profit Sharing Plan, et al., USDC, D. Mass. Civil Action No. 05-CV-10269-RWZ

Dear Judge Zobel:

    Yesterday afternoon, my associate Jennifer Ryan spoke with Courtroom Clerk Lisa Urso inquiring about the status of docket entry 94 and 96, two motions for leave to file under seal dated April 2, 2007. After inquiry, the Court granted both motions yesterday afternoon and we were preparing to file the information with the Court today. This morning, prior to the court receiving the documentation under seal, this Court denied Plaintiffs' Motion to Reconsider without the benefit of plaintiffs' supporting materials. Plaintiffs have now filed the notice and the documents under seal today. Plaintiffs request that this Court incorporate such documents into the record and review the material.

    Moreover, it has come to Plaintiffs' counsel attention that docket number 75, motion for leave to file documents attached to the Affidavit of Michael A. Collora and supporting materials in support of Plaintiffs' Reply to Defendants' Opposition to Class Certification dated September 27, 2006, was never addressed by this Court and apparently not reviewed by the court back in the Fall at the time the Motion For Class Certification was pending. That document was timely supplied to the defendants. Plaintiffs hereby request this Court act upon this Motion and allow Plaintiffs to file such supporting documentation and incorporate it into the record- we hope then that the Court will also review that material.

    Speaking generally, the method of having to file a motion first to be permitted to file matters under seal has not worked in this case, and has prejudiced the plaintiffs. We urge the Court to consider another method of allowing filings where some of the material is under seal, to insure that all of the supporting material is before the Court before a Motion has been decided.

May 3, 2007
Page 2

      Given this procedural difficulty of filing the supporting documents with the Court, we ask the Court to consider once again, after granting our motion docket number 75, and then receiving our materials, to review once again our motion to certify the class, with at that point a full record of plaintiffs' supporting material before it. We note the defendants have always had access to what we intended to file, at the time we gave notice we intended to file it.

      Thank you for your time and attention to this matter.

                                      Sincerely yours,

                                      Michael A. Collora

cc:    Stephen Poss, Esq.
        Kevin P. Martin, Esq.
        Michael P. Sugrue, Esq.