UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually And On Behalf Of All Persons Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>  Defendants. | Civil Action No. 05-10269RWZ |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY DISCOVERY

Defendants Medical Information Technology, Inc., Medical Information Technology, Inc., Profit Sharing Plan, and A. Neil Pappalardo hereby write in response to Plaintiffs' Motion to Stay Discovery Pending Resolution of Their Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) (the "Motion for Stay").

Defendants do not oppose the Motion for Stay. Defendants do believe, however, that it is necessary to place the Motion in its proper context for the Court, because the reasons that Defendants do not oppose a stay are relevant to the scheduling of future discovery deadlines in this matter.

At the scheduling conference held by the Court on April 12, 2007 (the "Scheduling Conference"), this Court set September 28, 2007, as the date for close of fact discovery. Currently that deadline is untenable for two reasons. First, Defendants note that although this Court set the discovery deadline on April 12, it is now June 29 – more than two and a half months later – and Plaintiffs have sought no further discovery from Defendants. Assuming that

Plaintiffs do want to take some discovery on the merits of their claims (in addition, that is, to the voluminous documents concerning valuation issues previously produced by Defendants to Plaintiffs last year during class certification discovery), the parties are now in a position where, due to Plaintiffs' delay, any depositions would need to be scheduled during the summer vacation months, when it is frequently difficult (and sometimes impossible) to find dates mutually agreeable to the parties, their counsel, and (especially) non-party witnesses.

Second, as counsel for Defendants noted at the Scheduling Conference, if a class *had* been certified in this matter Defendants would be entitled – in light of the individual issues in this case, including Defendants' affirmative defenses to the claims of each individual class member such as the statute of limitations, laches, waiver, estoppel, and unclean hands – to take the deposition of each individual class member. On the off chance that the First Circuit agrees to accept Plaintiffs' interlocutory appeal, *and* Plaintiffs prevail before the First Circuit, *and* on remand this Court concludes – despite the many additional barriers to class certification raised in Defendants' opposition to the class certification motion – that a class should be certified, there would undoubtedly be insufficient time remaining before September 28 (indeed, the possibility of the above procedural events alone all happening before September 28 seems impossible) for Defendants to take the discovery they need to fully and adequately defend themselves in this action. (Defendants believe Plaintiffs' petition for interlocutory appeal, which flagrantly and improperly misrepresents the history of proceedings before this Court, is meritless and will be denied).[1]

---

[1] Plaintiffs' misrepresentation of the course of proceedings before this Court in their petition for interlocutory appeal, which flowed from and depended on Plaintiffs' improper effort in their Fed. R. Civ. P. 60 motion for reconsideration to put before the court evidence and argument never raised in their class certification papers, included, *inter alia*, (1) their decision not to reveal to the First Circuit the size of their individual claims or their statement

2

Wherefore, Defendants do not object to Plaintiffs' Motion for Stay.

Respectfully submitted,

MEDICAL INFORMATION TECHNOLOGY, INC. PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO

By their attorneys,

 /s/  Stephen D. Poss
Stephen D. Poss (BBO # 551760)
Kevin P. Martin (BBO # 655222)
Michael P. Sugrue  (BBO #655727)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881

Dated: July 2, 2007                (617) 570-1000

---

to this Court at the Scheduling Conference that the case would proceed on Plaintiffs' individual claims notwithstanding the denial of class certification; (2) their falsely representing to the First Circuit that this Court had ruled on the motion for class certification without ever seeing a proposed valuation methodology from Plaintiffs; (3) their falsely suggesting to the First Circuit that the putative expert report they first submitted with their motion for reconsideration was properly before this Court on class certification; (4) their falsely telling the First Circuit that they were not permitted discovery on valuation issues as part of class discovery, when in fact Defendants agreed at the April 18, 2006 scheduling conference before this Court to turn over valuation materials from an earlier state court case involving similar valuation issues and Defendants did so; and (5) their falsely suggesting to the First Circuit that this Court had concluded that class certification was proper but for the class conflict issue discussed in this Court's order denying class certification, when this Court's order did not (and did not need to) reach most of the bases for denying class certification raised by Defendants.

3

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 2, 2007.

/s/ Stephen D. Poss
Stephen D. Poss