UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

MICHAEL P. HUBERT, WILLIAM TRAINOR, )
and DAVID HINCHLIFFE, Individually and )
On Behalf Of All Persons Similarly Situated )
)
    Plaintiffs, )
) Civil Case No. 05-10269-RWZ
    v. )
)
MEDICAL INFORMATION TECHNOLOGY )
PROFIT SHARING PLAN, et al. )
)
    Defendants. )

---

### STIPULATION AND PROTECTIVE ORDER GOVERNING TREATMENT OF DOCUMENTS AND INFORMATION

Plaintiffs Michael Hubert, William Trainor, and David Hinchliffe (collectively, "Plaintiffs"), and Defendants Medical Information Technology, Inc. ("Meditech"), Medical Information Technology, Inc. Profit Sharing Plan ("the Plan"), and A. Neil Pappalardo ("Mr. Pappalardo") (collectively, "Defendants"), each a "Party" and collectively the "Parties" to the above-captioned action (the "Action"), hereby stipulate and agree to the following Protective Order (the "Order"):

IT IS AGREED AND ORDERED AS FOLLOWS:

1. **Scope**

This Order applies to all documents and information produced or disclosed by any person or Party (a "Producing Party") to any other person or party (the "Receiving Party") in response to any discovery request(s) and/or subpoena(s) or otherwise in this Action. "Documents and information" shall include all documents, materials, things or

information in any form whatsoever, whether on paper, videotape, or audiotape, diskette, computer storage, tangible items, or otherwise, including without limitation all interrogatory answers, responses to requests for production of documents or requests for admissions, deposition testimony and transcripts, deposition exhibits and any other documents or information, including all copies thereof and the information derived from or contained therein, produced or designated pursuant to the terms hereof by any person or Party, including non-Party witnesses, in response to or in connection with any discovery conducted in the Action.

2. **Parties**

The provisions of this Order shall be binding on, and shall inure to the benefit of the Parties, their successors and assigns, and shall also be binding on all employees, agents, attorneys, auditors, consultants, and representatives of each of the Parties. In addition, all individuals or entities who have signed a Declaration of Confidentiality (attached as Exhibit A) will also be bound by the provisions of this Order.

3. **Designation of Protected Material**

Documents and information produced in discovery in this action may be designated as "Confidential" or "Confidential/Attorneys" (collectively "Protected Material") by the Producing Party or the Party or non-Party otherwise having the right to protect the confidential and/or proprietary nature of such documents and information (the Party or non-Party making such a designation of confidentiality shall be called the "Designating Party" for purposes of this Order). The Designating Party may hereafter designate any documents or information produced or disclosed by such party as "Confidential" or "Confidential/Attorneys" pursuant to the standards set forth below:

(a) A Designating Party may only designate as "Confidential" any documents and information within the scope of Rule 26 of the Federal Rules of Civil Procedure that the Designating Party in good faith considers to constitute, reflect, or reveal confidential or proprietary business information not available to the public through publication or otherwise, or other information required by law or by agreement to be kept confidential, including but not limited to: (1) non-public information concerning any Party or the employees or directors of any Party; (2) non-public information concerning the Plan, including but not limited to contributions thereto or the administration of thereof; or (3) any information that is competitively sensitive, including but not limited to confidential research, marketing initiatives, advertising expenditures, or other such development or sensitive commercial information.

(b) A Designating Party may only designate as "Confidential/Attorneys" any documents and information that the Designating Party considers to be highly sensitive and in good faith believes to constitute, reflect, or reveal information relating to: (1) past, current or future business plans, products not released or announced to the public, non-public proprietary product development information, product designs, proprietary intellectual property; (2) customer and product pricing information; (3) non-public financial data; or (4) non-public information concerning the personal financial data of, or participation in the Plan by, any current or former Meditech employees or directors or their relatives or beneficiaries, any non-Party, or any putative class members (except for Plaintiffs Michael Hubert, William Trainor, and David Hinchliffe), including but not limited to compensation data, ownership of Meditech stock, ownership of any other securities, or distributions to such Plan participants.

The fact that a Designating Party had designated documents and information as "Confidential" or "Confidential/Attorneys" pursuant to this Stipulation and Order is in no way an admission that such documents and information are confidential, proprietary, or competitively sensitive, nor shall any such designation constitute evidence that the underlying documents and information are or are not in fact confidential.

All documents and information designated as Protected Material, and all information contained therein or derived therefrom, including all copies, excerpts, summaries, notes, or other memorialization, shall also be referred to herein as "Protected Material." Such designations of documents and information as Protected Material shall be made in the following manner:

(a) With regard to written material, at the time of copying a legend, sticker or stamp shall be affixed to or imprinted on each page containing any Protected Material (or if not otherwise practicable, to the first page of a document) substantially in the form "Confidential," or "Confidential – Subject to Protective Order," "Confidential/Attorneys," or "Confidential/Attorneys – Subject to Protective Order";

(b) With regard to non-written material, such as recordings, magnetic media, videotapes, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner at the time of copying.

(c) With regard to transcripts, designation of the specific portions of the transcripts (including exhibits) as "Confidential" or "Confidential/Attorneys" shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel for the Designating Party, or by letter between counsel within ten (10)

days of receipt by counsel for the Designating Party of the transcript or copy thereof. Deposition testimony and deposition transcripts (including exhibits) shall be treated as "Confidential/Attorneys" material under this Order until the expiration of the 10-day period for designation by letter. When designation is made on the record in the course of a deposition, hearing, or trial, the court reporter (and videographer, if any) shall mark the cover of each volume of the transcript with the legend "contains Protected Material Subject to Protective Order" and shall mark clearly in the transcript which pages (and exhibits, if not already so marked) contain "Confidential" or "Confidential/Attorneys" material; and

    (d)    Documents and information made available by a Producing Party to another Party for inspection without confidentiality legends shall be deemed to be "Confidential" until copies are provided or, if copies of such documents and information are not requested, the Designating Party may designate by letter to counsel documents and information produced for inspection as "Confidential" or "Confidential/Attorneys" material.

    **4.**    **<u>Use of Produced Documents and Information</u>**

All documents and information produced or disclosed in the Action, which are designated as Protected Material, including without limitation in response to requests for the production of documents, interrogatories, requests for admission, deposition questions, subpoena, any other discovery device, shall be used solely for the purpose of conducting this Action and shall not be used for any other purpose, including, without limitation, any business or financial purpose.

## 5. Disclosure of Confidential Material

Documents and information designated "Confidential" shall be maintained in confidence by the Party to whom such documents and information are produced or given and shall not be disclosed, provided or made available to any person or entity without the prior written permission of the Designating Party, except the following:

(a) the Parties, including Meditech's officers, directors and employees, all of whom are subject to the terms of the Order;

(b) the Court, its officers and employees, and the jury, if any;

(c) counsel for the Parties, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Order;

(d) actual or potential witnesses or deponents in this Action, and their counsel, during the course of or to the extent necessary in preparation for depositions or testimony in this Action, or to the extent necessary to determine whether they are proper deponents or witnesses in this Action, provided that counsel for the Party disclosing any "Confidential" material to any such actual or potential witness or deponent reasonably believes such person has properly discoverable information concerning the "Confidential" material to be disclosed;

(e) outside experts or consultants who are retained by counsel for the Parties expressly for the purpose of assisting counsel in, or for testimony in, this Action; and

(f) outside court reporters and videographers or photocopying, document imaging or database services retained by counsel for the Parties to record deposition testimony or to photocopy or process documents and information.

6. **Disclosure of Confidential/Attorneys Material**

Documents and information designated "Confidential/Attorneys" shall be maintained in confidence for use by litigation counsel who must have access to such documents and information and shall not be disclosed, provided or made available to any person or entity without the prior written permission of the Designating Party, except the following:

(a) the Court, its officers and employees, and the jury, if any;

(b) counsel for the Parties, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Order;

(c) outside experts or consultants who are retained by counsel for the Parties expressly for the purpose of assisting counsel in, or for testimony in, this Action;

(d) outside court reporters and videographers or photocopying, document imaging or database services retained by counsel for the Parties to record deposition testimony or to photocopy or process documents and information; and

(e) William Trainor and David Hinchliffe, under the following conditions: they may view documents and information designated "Confidential/Attorneys" only at the offices of counsel for Plaintiffs, and may under no circumstances remove any original or copy of "Confidential/Attorneys" documents or information from the offices of counsel for Plaintiffs.

7. **Signing of Declaration of Confidentiality**

Every Receiving Party to whom documents and information are to be disclosed, including without limitation documents designated Protected Material, shall first be advised that such information is being disclosed subject to the terms of this Order.

Furthermore, all persons to whom disclosure of Protected Material is to be made pursuant to Paragraphs 5 (d), 5 (e), and 6 (c) shall, in addition, prior to such disclosure, be given a copy of this Order and shall be required to confirm their understanding of and agreement to abide by the terms of this Order by signing a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Order, or by statement on the record as provided in paragraph 12 hereof. Counsel shall maintain such declarations in their files, and shall provide a copy to counsel for the other Parties.

8. **Subpoena from Third Party**

Any Party hereto, upon receipt of any subpoena from a third party seeking disclosure or production of documents and information which have been designated as Protected Material subject to this Order, shall (a) provide prompt written notice of such subpoena to the Designating Party whose designated document or information has been subpoenaed so that the Designating Party may contest such subpoena, and (b) promptly serve objections to the subpoena pursuant to Federal Rule Civil Procedure 45 on the ground that the documents and information are covered by this Order. The Designating Party whose documents and information are covered by the subpoena shall cooperate in good faith with the recipient of the subpoena in the preparation and filing of the objections under this paragraph.

9. **Impoundment Procedure**

Any Party who wishes to file with the Court documents, pleadings, motions or other papers containing, affixing, or reflecting Protected Material ("Court Documents") shall be responsible for filing a motion to impound such Court Documents (or the

portions containing Protected Material) pursuant to Local Rule 7.2. Should the motion to impound not be resolved by the date the Court Documents are scheduled to be filed with the Court, the filing Party shall serve the other Party with the Court Documents on the day they are scheduled to be filed with the Court and, in lieu of filing such Court Documents (or the portions thereof containing Protected Material), shall file instead a certificate of service with the Court. The Court Documents (or portions thereof containing any Protected Material) shall then be filed with the Court after the Court has resolved the motion to impound.

    (a)    Any Protected Material filed with the Court shall be filed in a sealed envelope or box including thereon a copy of the impounding order, which should bear the title and caption of this Action and a statement in substantially the following form:

> CONFIDENTIAL
>
> FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION. THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR TO QUALIFIED PEOPLE FROM EITHER PARTY.

    (b)    All such filed Protected Material shall be maintained by the clerk in a secure area to be designated by the Court. If the impoundment order for any such

materials provides a cut-off date, the materials shall be returned by the Clerk to outside counsel for the Party who filed it at the cut-off date.

    (c)    Counsel shall exercise restraint in moving to impound.

10. **Inadvertent Production of Protected Material**

The inadvertent production of Protected Material to a Receiving Party in discovery in this Action, regardless of whether or not such documents and information have been expressly so designated, shall not waive any protection for such documents and information under this Order. At any time after the production of documents and information that the Producing Party or other Designating Party considers to be a Protected Material, the Producing Party or other Designating Party may make a written request that specifically identifies the documents and information and asks that they be designated and treated as either "Confidential" or "Confidential/Attorneys" material. The Receiving Party shall immediately designate the identified documents and information accordingly (or at its option request the Designating Party to affix the relevant designation) and from then on will treat the documents and information as such pursuant to this Order.

11. **Unauthorized Disclosure of Protected Material**

Upon discovery that documents and information designated "Confidential" or "Confidential/Attorneys" have been disclosed to any person other than in the manner authorized by this Protective Order, the Party discovering such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, if appropriate, to the Court, and without prejudice to other rights and

remedies of any Party, take reasonable and appropriate measures to prevent further disclosure by it or by the recipient of such information.

### 12. Protected Material Introduced at Depositions

Attendance at depositions at which Protected Material is identified, discussed or disclosed shall be limited to those persons who are authorized to receive such documents and information under the terms of this Order. If any person not entitled to receive such documents and information is in attendance at a deposition, a Party at its request may have that individual excluded from the room in which the deposition is taking place for the duration of time in which the documents and information are being discussed.

If any documents and information identified as "Confidential" are to be used during the deposition of a non-Party witness, and disclosure of such documents and information is otherwise permissible under this Order, the deponent shall be given a copy of this Order, shall be informed on the record of the terms of this Order, and shall agree to be bound by the terms of this Order either by so stating on the record or by signing the declaration attached hereto as Exhibit A. In the event a non-Party witness refuses to agree to be bound by this Order, documents and information designated as Confidential Material shall not be revealed to the non-Party witness without consent of all Parties to this Order or by leave of Court.

Should a Party desire to use any documents and information identified as "Confidential/Attorneys" during the deposition of any witness, that Disclosing Party shall confer in good faith with the Designating Party as to whether or on what terms such material may be disclosed in an effort to reach an agreement concerning any such request prior to seeking judicial intervention. If after ten (10) business days the matter remains

unresolved, the Disclosing Party may then apply to the Court for a determination as to whether or on what terms such material may be disclosed. The documents and information in question shall retain their original designation until the Court rules otherwise. In the event that the Parties reach an agreement concerning such request, or the Court rules that such documents and information may be disclosed in whole or in part to the deponent, the deponent shall be given a copy of this Order, shall be informed on the record of the terms of this Order, and shall agree to be bound by the terms of this Order either by so stating on the record or by signing the declaration attached hereto as Exhibit A. In the event a deponent refuses to agree to be bound by this Order, documents and information designated as "Confidential/Attorneys" shall not be disclosed to the deponent without consent of all Parties to this Order or by leave of Court. In no event shall a deponent retain custody or control of any documents and information designated as "Confidential/Attorneys" as provided in paragraph 18 hereof.

   Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for the undersigned Parties from disclosing a document to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a named person (or a person who is not identified by name but is otherwise identified with a reasonable degree of specificity) who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statements, and such discussion shall not constitute a disclosure within the terms of this Order.

**13.     Introduction of Protected Material at a Hearing or Trial**

In the event that any Protected Material is to be disclosed at a hearing or trial in this action, the Disclosing Party (if not the Designating Party) will give the Designating Party no fewer than ten (10) business days advance notice (or, in the case of an emergency or expedited hearing, as much prior notice as is reasonable under the circumstances, and in any event will use its best efforts under the circumstances to provide no fewer than three (3) business days notice) so that the Party whose information is to be disclosed may seek an appropriate order from the Court to protect such documents and information from public disclosure.  By agreeing to this Stipulation and Order, no Party waives any right it may have to oppose such relief.  With respect to documents to be introduced as exhibits at trial, the Parties shall be governed by the Court's pre-trial order and future orders of the Court.

**14.     Objections to Designation**

Should any Party object to any Party's or person's designation of documents and information as Protected Material, the objecting Party shall notify opposing counsel of the objections and counsel shall promptly confer in an attempt to resolve the matter.  If after ten (10) business days the matter remains unresolved, the objecting Party may then apply to the Court for a determination of whether the designation should be removed.  The burden shall be on the Designating Party to show why the designation should be maintained.  If no such application is made, the documents and information shall remain as designated.  Any information which has been designated as Protected Material but which is subject to a dispute as to its proper designation, shall be treated as it has been designated pending resolution of the dispute.

15. **Non-Party Designation**

Non-party witnesses may designate any portions of their documents and information as "Confidential" or "Confidential/Attorneys" pursuant to this Stipulation and Order, in the manner provided for above, and the Parties agree to treat such documents and information in the same manner as a Party's designated documents and information.

16. **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any Party or witness to make any objection, claim, or other response to discovery on any grounds. Nor shall this Order be construed as a waiver by any Party of any legally cognizable privilege or right to withhold any documents and information, or of any right which any Party may have to assert such privilege at any stage of the proceedings.

17. **Modification of the Order**

This Order shall not foreclose a Party from moving this Court for an order that documents and information within the meaning of this Order are, in fact, not Protected Material or otherwise subject to protection under Federal Rule of Civil Procedure 26, provided that such a motion is made pursuant to the procedures set forth in paragraph 14 of this Order. In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

18. **Return of Protected Material**

All documents and information designated as "Confidential/Attorneys" shall be stored under the direct control of outside counsel of record who shall be responsible for preventing any disclosure thereof. At the conclusion of the Action, by final dismissal, judgment, or settlement, with all time to appeal having expired, all Protected Material covered by this Order, and all copies of same, and documents and portions thereof containing information derived from documents and information covered by this Order, shall be returned by the Receiving Party and/or their agents or representatives to the Producing Party, and counsel of record shall certify in writing within thirty (30) days of the conclusion of the Action that such material has been returned. After the conclusion of the Action, each consultant or expert retained by counsel for the Parties who receives Protected Material shall also return such materials and certify in writing that such materials have been returned. At the conclusion of the Action, all Protected Material filed with the Court shall be expunged from the Court records and returned to counsel.

19. **Severability of Obligations**

The rights and obligations contained herein shall survive the conclusion of this Action and the return and/or destruction of documents and information to be treated as Protected Material hereunder.

20. **Binding Nature of Order**

This Order shall be binding upon the Parties and counsel and Meditech's officers, directors, and employees (and all persons who sign the declaration attached as Exhibit A) and any successors or assigns when signed and irrespective of whether or when the Court actually enters it as an Order of the Court.

Michael P. Hubert,
William Trainor, and
David Hinchliffe,

By their attorneys,

jennifer Ryan
(BBO 661498)

_____
Michael A. Collora (BBO #092940)
Sara Noonan (BBO #645293)
DWYER & COLLORA LLP
600 Atlantic Avenue
Boston, MA 02210
671-371-1000

Dated: September 6, 2007

Medical Information Technology, Inc.
Profit Sharing Plan, Medical Information
Technology, Inc. and A. Neil Pappalardo,

By their attorneys,

_____
Stephen D. Poss, PC (BBO #551760)
Kevin P. Martin (BBO #655222)
Michael P. Sugrue (BBO #655727)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: September 25, 2006


SO ORDERED this ___ day of _____, 2006


_____
Honorable Rya W. Zobel
United States District Court for the District of Massachusetts

**ATTACHMENT A**

DECLARATION OF CONFIDENTIALITY

I, _____, hereby state as follows:

I reside at _____;

I hereby acknowledge that I am to receive documents and information pursuant to the terms of the Stipulation and Protective Order Governing Treatment of Documents and Information (the "Order") in Civil Action No. 05-10269-RWZ, entitled <u>Hubert, et al v. Medical Information Technologies Profit Sharing Plan, et al.</u>, pending in the United States District Court for the District of Massachusetts (the "Litigation"). I certify that I have read and understand the Order.

I agree to comply with and be bound by the provisions of said Order. Among other requirements of the Order, I understand that (a) all documents and information produced or disclosed in the Action, which have been designated as "Confidential" or "Confidential/Attorneys" as set forth in the Order, shall be used solely for the purpose of conducting this Action and shall not be used for any other purpose, including without limitation any business or financial purpose; (b) I am to retain all "Confidential" material in a confidential and secure manner, and that all such materials are to remain in my personal custody until I have completed my assigned duties, whereupon all "Confidential" material, including but not limited to all writings prepared by me containing, reflecting or relating to any "Confidential" material, are to be returned to counsel or the Party who provided me with such materials; (c) I will not divulge to persons other than those specifically authorized by this Order, and will not copy or use except solely for the purpose of this Action between the Parties, any documents and

17

information, which has been designated as "Confidential" or "Confidential/Attorneys" and obtained pursuant to the Order, except as specifically provided in the Order; and (d) I agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Order.

I state under the penalties of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.


Executed on the ___ day of _____, _____.



By: _____