UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE, Individually and On Behalf Of All Persons Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, et al.<br><br>Defendants. | Civil Case No. 05-10269-RWZ |

**AFFIDAVIT OF MICHAEL A. COLLORA, ESQ. IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

I, Michael A. Collora, make the following affidavit under oath based on my personal knowledge.

1. I am a founding partner of the law firm of Dwyer & Collora LLP, 600 Atlantic Avenue, Boston Massachusetts ("Dwyer & Collora"). David A. Bunis, who has an appearance in this case, is a partner at Dwyer and Collora. Jennifer M. Ryan, who also has an appearance in this case, is an associate at Dwyer & Collora. Mr. Bunis, Ms. Ryan and I are each members of the Massachusetts bar in good standing and are each admitted to practice law in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2. Mr. Bunis, Ms. Ryan and I represent named plaintiffs Michael Hubert, William Trainor, and David Hinchliffe, all of whom were employees of defendants Medical Information Technology, Inc. ("Meditech") and former participants in defendant Meditech Profit Sharing Plan

("the Plan") up until the termination of their employment. Messers Hubert, Trainor and Hinchliffe each received what was purported to be a final distribution of the fair value of their vested interest in the Plan when they terminated their employment with Meditech. The Amended Complaint alleges that these payments actually represented less than the Plaintiffs' fair share in the Plan because the Plan's main asset – Meditech stock – had been intentionally undervalued by the Plan's Trustee, defendant A. Neil Pappalardo,  By knowingly using that diminished value when paying benefits due to Plan participants, the Defendants allegedly violated the Employee Retirement and Insurance Security Act ("ERISA"), 29 U.S.C. § 1, *et .seq*.

3.      Mr. Bunis, Ms. Ryan and I are well qualified to serve as counsel in these class actions. I received my law degree from Harvard Law School in 1968. After law school, I served as an Assistant United States Attorney in the District of Massachusetts from 1973 to 1981. From 1979 to 1981, I served as Chief of the Special Investigations Unit and Chief of the Major Crimes Unit in the United States Attorneys Office. As an Assistant United States Attorney, I had extensive experience prosecuting complex criminal matters including securities fraud and political corruption cases.

4.      I have considerable experience in the area of commercial and complex litigation. In 1997, Dwyer & Collora and myself acted as lead counsel for a large group of investors. On behalf of the investors, we secured summary judgment against the Bank of Boston resulting in a settlement for the investors exceeding $10 million. See Grabowski et al. v. Bank of Boston, Case No. 94-11461 (Saris, J.). In another case, upon motion of the Commodities Future Trading Commission, I was appointed by the United States District Court for the District of Massachusetts as a receiver of two commodity pools and in that capacity recovered $1.5 million

for investors.

5. I am very familiar with federal class action litigation. I have represented a number of defendants in class action cases, including a defendant in the Centennial Technologies litigation (In re Centennial Technologies, Case No. 97-10304), and the lead defendant in the Homeowners Bank securities fraud litigation (Winsor v. Holgerson, Case No. 89-02527). I have also served as counsel to a defendant brokerage house in In re Transkaryotic Therapies, Inc. Sec. Lit., Case No. 03-10165, a case presided over by this Court. Most recently, I have served as lead counsel in three of several class actions pending before Judge Keeton as part of a multi district litigation assignment involving wage and hour claims against Citigroup Inc. and its subsidiaries, Peckler et al v Travelers Insurance Company, Case Nos. 00-10055, 00-11912, 03-11400.

6. Mr. Bunis graduated *cum laude* from Boston University School of Law in 1987. He practiced in the litigation department at Nutter, McClennan & Fish LLP from 1987 until 1991 when he joined Dwyer, Collora & Gertner. He became a partner of Dwyer & Collora in 1996. Much of Mr. Bunis's practice concentrates on employment law, involving claims for discrimination, wrongful discharge, ERISA violations, and state and federal wage and hour law. Mr. Bunis also has experience in class action litigation, having represented the lead defendant in the Homeowners Bank, the plaintiffs in the Peckler multi-district litigation, and the lead plaintiffs in John Hancock Life Ins. Co. et al v. Goldman, Sachs & Co., et al, Case No. 01-10729, which is currently pending before this Court.

7. Ms. Ryan is a 2004 *cum laude* graduate of Georgetown University Law Center. From 2004 to 2005, she worked as a litigation associate with Brown Rudnick Berlack & Israels. In 2005, she assumed a clerkship position with Justice Robert Cordy of the Massachusetts

Supreme Judicial Court. After her clerkship, Ms. Ryan joined Dwyer & Collora where she represents clients in both criminal and civil matters and in administrative hearings.

8. Dwyer & Collora has extensive experience in complex litigation and has ample resources to aggressively and effectively represent the Plaintiffs and the classes named in this case. Dwyer & Collora's litigation experience includes successfully defending against an ERISA action brought by the Secretary of Labor. See Reich v. Rowe, 20 F.3d 25 (1st Cir. 1994).

9. Mr. Bunis, Ms. Ryan and I are familiar with and prepare to perform our professional obligations to the class, including our obligation to notify this Court should any conflicts arise between any of the named plaintiffs and the class members. We are also prepared to litigate the class' claims in a vigorous and efficient manner.

10. Attached hereto are true and correct copies of the following documents:

TAB A: Selected portions of deposition of A. Neil Pappalardo, dated July 21, 2006;

TAB B: (1) Meditech Profit Sharing Plan, Amended and Restated Trust Agreement as of January 1, 1989;

(2) Meditech Profit Sharing Plan, Amended and Restated Trust Agreement as of Janaury 1, 1998

(3) Amendment No. 2 to Meditech Profit Sharing Plan, Amended and Restated Trust Agreement as of January 1, 1998;

TAB C: Annual Valuation of Trust Assets, 1997- 1998.

TAB D: (1) Summary Plan Description of Meditech as amended through August 1, 1983;

(2) Summary Plan Description of the Meditech Profit Sharing Plan, Amended and Restated as of January 1, 1989;

(3) Summary Plan Description of the Meditech Profit Sharing Plan, Amended and Restated, dated January 1, 1998;

TAB E:   Relevant portions of deposition of Barbara Manzolillo, dated August 8, 2006;

TAB F:   Form 13-D, filed by Dr. Jerome Grossman, dated February 27, 2002;

TAB G:   Message from the Chairman, dated September 3, 2002;

TAB H:   Relevant portions of deposition of David Hinchliffe, dated July 27, 2006;

TAB I:   (1) Documents relating to David Hinchliffe's termination in the Meditech Profit Sharing Plan;

(2) Documents relating to William Trainor's termination in the Meditech Profit Sharing Plan;

TAB J:   Relevant portions of deposition of William Trainor, dated July 24, 2006;

TAB K:   Defendants' Response to Plaintiffs' Initial set of Interrogatories, dated June 5, 2006;

TAB L:   Plaintiff's Expert Damages Opinion dated February 19, 2008.

**SIGNED UNDER THE PENALTIES OF PERJURY** this 25th day of March, 2008.

        __/s/ Michael Collora_____
        Michael A. Collora

**CERTIFICATE OF SERVICE**

      I, Jennifer M. Ryan, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on this 25th day of March, 2008.

                                                               /s/ Jennifer M. Ryan
                                                              Jennifer M. Ryan