UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HUBERT, WILLIAM TRAINOR, and DAVID HINCHLIFFE,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL INFORMATION TECHNOLOGY PROFIT SHARING PLAN, MEDICAL INFORMATION TECHNOLOGY, INC., and A. NEIL PAPPALARDO,<br><br>Defendants. | Civil Action No. 05-10269RWZ |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 56.1, Defendants Medical Information Technology Inc., Profit Sharing Plan, Medical Information Technology, Inc., and A. Neil Pappalardo (collectively, "Defendants") respectfully move for summary judgment on the one claim asserted on behalf of each Plaintiff in Plaintiffs' Amended Complaint ("Complaint"). In support of this motion, Defendants submit herewith Defendants' Memorandum in Support of their Motion for Summary Judgment ("Memorandum in Support"), the Affidavit of Kevin P. Martin in Support of Defendants' Motion for Summary Judgment ("Martin Affidavit"), and Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

As explained in further detail in the Memorandum in Support, Defendants are entitled to summary judgment with respect to the Employee Retirement Income Security Act ("ERISA")

1

benefits claim of Plaintiffs William Trainor, David Hinchliffe and Michael Hubert for any one of a number of independently sufficient reasons.[1]

First, the claims of Plaintiffs David Hinchliffe ("Hinchliffe") and William Trainor ("Trainor") are barred by the six-year statute of limitations that this Court has held is applicable to a benefits claim under ERISA. Hinchliffe and Trainor each received their distributions of benefits from the Medical Information Technology, Inc. Profit Sharing Trust (the "Trust") in May 1998, more than six years before the Complaint was filed in this case in February 2005, and no action taken by any Defendant since 1998 has had any effect on the distribution previously received by these Plaintiffs. Based on the undisputed evidence, when Hinchliffe and Trainor received their benefits in 1998 they already believed that Meditech's non-publicly traded stock was being undervalued by Defendants in relation to the stock of Meditech's publicly traded competitors – the theory of liability pled in the Complaint. Alternatively, through the exercise of reasonable diligence – simply comparing Meditech's price/earnings ("P/E") ratio to that of Meditech's publicly-traded competitors, again the theory pled in the Complaint – they could have discovered the alleged undervaluation more than six years before the Complaint was filed in 2005, as did plaintiff Hubert. In either case, Hinchliffe and Trainor should have filed their claims within six years of May 1998, and certainly before February 2005, and therefore their claims are untimely and summary judgment should enter.

---

[1] On April 4, 2008, counsel for Plaintiffs suddenly announced an intention to seek the voluntary dismissal of the claim of Hubert, apparently over Hubert's objection. *See* Martin Affidavit, Ex. 37. Plaintiffs filed a bare-bones motion seeking such dismissal without any explanation on April 17, 2008. At this stage in the litigation, after Defendants have expended significant resources defending Hubert's claim including, just in the last month, the incurring of fees for expert testimony and the drafting of this Motion for Summary Judgment and supporting pleadings, Defendants would strenuously object to the abandonment of Hubert's claim without prejudice. For the reasons given herein and in the Memorandum in Support, the undisputed evidence conclusively demonstrates that Defendants are entitled to judgment on Hubert's claim. If there is to be any dismissal, it must be with prejudice.

Second, Plaintiffs simply failed to provide evidence that they received any less in benefits due to the alleged undervaluation of Meditech stock than they were due, and hence that Defendants are liable in this ERISA benefits action. As an initial matter Plaintiffs did not disclose *any* expert opinion valuing the stock as of December 31, 2003, which was relevant to determining the proper value of Michael Hubert's benefits distribution in 2004. For this reason alone, Defendants are entitled to summary judgment on Hubert's claim. Moreover, while Plaintiffs did disclose an expert opinion concerning the value of Meditech stock as of December 31, 1997, as relevant to Hinchliffe's and Trainor's distributions of benefits, they did not provide valuations for any earlier periods. Plaintiffs' failure to do so is fatal to their claim. This Court had previously held that to prove that they were harmed by Defendants' valuation methodology, the "only proper way" would be for Plaintiffs to apply their alternate valuation methodology in each year of the Plan's existence in order to gauge its relative impact on the number of shares contributed by Meditech to the Trust and the amount of cash contributed to and paid out by the Trust to other Plan participants. Only such a process would reveal whether Plaintiffs would be better off with a methodology that assigns higher values to Meditech stock than Defendants' methodology. Plaintiffs, however, did not provide the analysis that this Court said was required. Hence it is only speculative whether the alleged undervaluation on December 31, 1997, actually resulted in Plaintiffs receiving any less than they were due – it is at least as likely that, had Plaintiffs' valuation methodology been used historically, the Trust would have held fewer shares of stock and/or less in cash, such that Plaintiffs would have been *worse* off under their own methodology. Indeed, this is the case even if one assumes, as Plaintiffs have previously, and speculatively, argued, that no fewer shares would have been contributed to the Trust even if a much higher share valuation were used by Defendants.

3

Third, the claims of all three Plaintiffs' are barred due to their failure to exhaust their administrative remedies under the Plan.  The Plan, including the summary descriptions of the Plan provided to participants such as Plaintiffs, explicitly provides that in order to contest the amount of their distributions of benefits, participants must submit a claim in writing to the Trustee.  Hinchliffe and Trainor never submitted any claim with the Trustee for additional benefits in connection with their receipt of distributions in 1998.  And while Hubert did send a letter to the Plan's administrator complaining generally about the calculation of distributions under the Plan in connection with his receipt of benefits in 2004, he never submitted a claim presenting the position asserted in the Complaint:  that Meditech's stock should be valued in accordance with the P/E ratios of its competitors' stock.  Accordingly, the claims of all three Plaintiffs are barred for failure to exhaust.

WHEREFORE, for these reasons and those set forth more fully in Defendants' Memorandum in Support filed herewith, Defendants respectfully request that this Court grant this motion and enter summary judgment in their favor.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants believe that oral argument may assist the Court and respectfully request a hearing on this motion.

Respectfully submitted,

Defendants,

By their attorneys,

/s/  Stephen D. Poss
Stephen D. Poss (BBO # 551760)
Kevin P. Martin (BBO # 655222)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: April 18, 2008

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)2 AND CERTIFICATE OF SERVICE

    I certify that counsel for Defendants conferred with counsel for the Plaintiffs on April 17, 2008, in a good faith attempt to resolve or narrow the issues presented by this motion.
    I further certify that I caused a true copy of the above document to be served upon the counsel of record for each other party via this Court's ECF System on April 18, 2008.

/s/      Stephen D. Poss
Stephen D. Poss

5